CIA MEXICANA DE GAS, S. A., v. FEDERAL POWER COMMISSION (REYNOSA PIPE LINE CO., Intervener).

STATE OF TEXAS et al. v. FEDERAL POWER COMMISSION.

Nos. 11790, 11791.

Circuit Court of Appeals, Fifth Circuit.

May 7, 1948.

Henry F. Holland, of Houston, Tex., for petitioner Cia Mexicana, De Gas, S. A.

Binford Arney, of Corpus Christi, Tex., for intervener, Reynosa Pipe Line Co.

James D. Smullen, Asst. Atty. Gen. of Texas, for petitioners State of Texas et al.

Bradford Ross, Gen. Counsel, and Charles E. McGee, Asst. Gen. Counsel, Federal Power Commission, both of Washington, D. C. (Louis W. McKernan, W. Russell Gorman, and Albert J. Feigen, all of Washington, D. C., of counsel), for respondent.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

The review sought is of orders of the Federal Power Commission authorizing the exportation[1] of natural gas from Texas to Mexico and granting a certificate[2] of public convenience and necessity.

Joining in a kind of Janus headed attack upon them, the State of Texas and the Railroad Commission, on the one hand, and Cia Mexicana De Gas, S. A., on the other, are here seeking their overthrow.

It is true that both the State of Texas and Cia Mexicana do, in their petitions for review and their joint brief, rely in the main on the same claims of error. But it is further true that, from the standpoint of the grounds of their opposition to the orders, the State and Cia Mexicana did not see eye to eye.

In its intervention, Cia Mexicana, whose principal source of supply is Texas gas purchased from United Gas Pipe Line Company, under an export permit, did urge, as Texas did, that Mexicana had vast resources of gas capable of development, but its emphasis was upon its status and position as a public utility company serving the territory sought to be invaded by Reynosa and the protection of its rights as such company.

The emphasis of the State of Texas in the Railroad Commission's motion to present additional evidence upon the gas resources of Mexico was entirely upon the conservation of Texas gas for use in Texas and southwestern United States.

To the claim, however, of Reynosa, that the opposition of Texas to its export permit, while it did not and does not oppose the permit under which Cia Mexicana gets its gas, presents an inconsistency, Texas answers simply, "Enough is enough."

In addition to petitioning for review, Cia Mexicana has filed a petition to introduce additional evidence, as to matters occurring since the hearing and order. Reynosa Pipe Line Company, urging that petitioners are not aggrieved persons under the Natural Gas Act and that their petitions present nothing for review, moves to dismiss the petitions for review and to introduce additional evidence. The Federal Power Commission opposes the introduction of additional evidence.

■ We make short work of Reynosa's motion to dismiss. We think it clear that

---

[1] Entered in Commission Docket #G-595, the order authorized the issuance of a permit to Reynosa Pipe Line Co. upon conditions and subject to being modified from time to time, or terminated on further order of the Commission, to export natural gas from named fields in Hidalgo County, Texas, to Mexico, for use of Gas Industrial.

[2] Entered in Docket #G-748, the order issued to Reynosa Pipe Line Co., a certificate of public convenience and necessity, authorized it to construct and operate a natural gas field line in the Hidalgo County fields, covered in the export order, and a pipe line 30 miles long to transport the gas from those fields for delivery to the pipe line facilities of Gas Industrial de Monterrey.

petitioners are aggrieved parties within the meaning of the Act, and, as such, are rightfully here. Mexicana's motion to adduce additional evidence, however, is, for the reasons hereinafter stated, denied.

■ On the merits, petitioners claim that the orders should be set aside and the matter returned to the commission for a rehearing because they are without support in the evidence, or, if not for that reason, because they are based on a hearing unfair to petitioner.

In Arkansas Louisiana Gas Co. v. Federal Power Commission, 5 Cir., 113 F.2d 281 and in Department of Conservation v. Federal Power Commission, 5 Cir., 148 F. 2d 746, 750, this court has had occasion to fully consider the powers granted the Commission and the scope of review of its orders when entered under Sec. 7(c) of the Natural Gas Act, 15 U.S.C.A. § 717f (c). In the last cited case, we said:

"Normally it is for the commission to draw the conclusion that the present or future public convenience and necessity either requires or does not require the granting of a certificate. Normally an order granting a certificate may be set aside only when the evidence admits of but one conclusion, that its granting will not serve public convenience and necessity * * *."

Here two situations are under review. One, the granting of a certificate of convenience and necessity, is the precise one dealt with in those cases. The other, the granting of an export permit, is provided for in Section 3 of the Natural Gas Act.[3] Under the command of this section, "the Commission shall issue such order upon application, unless, after opportunity for hearing, *it finds that the proposed exportation or importation will not be consistent with the public interest.*" (Emphasis supplied.)

A certificate of public convenience and necessity requires as a condition to its granting that the commission make a positive finding of consistency with the public interest.

An export permit, on the other hand, *must be issued unless the commission makes a negative finding,* and it may not be doubted, that the authority of the commission to grant an export permit is certainly as broad as its authority under the certificate section. Neither may it be doubted that one seeking a review here of an order granting an export permit is under at least as heavy a burden to overthrow the order as he would be if he sought by review to overthrow an order granting a certificate. Under Section 3, the permit must be granted unless the Commission finds that it is not consistent with the public interest. Here the Commission has not found this, but the contrary, and the burden on petitioners to overthrow the finding and order is a heavy one. To discharge that burden they must point to a record showing, so clearly and positively as to override the Commission's finding, that the granting of the permit is in fact inconsistent with the public interest.

■ The fact, of which petitioners seek to make so much, that on the first hearing the Commission, two commissioners dissenting, refused the permit, and on the second hearing, without substantial additional evidence, granted it, is, we think, without signficance here. A commission, like a court, may, indeed should, change its findings and order if on rehearing it is of a different mind. If it does so change, our function on a review of its findings and order is to determine not which of the two findings and orders was the best but whether, as claimed by petitioners, the findings and order under review are without evidence to support them. When the order,

---

[3] This provides:
"After six months from the date on which this act takes effect no person shall export any natural gas from the United States to a foreign country or import any natural gas from a foreign country without first having secured an order of the Commission authorizing it to do so. The Commission shall issue such order upon application, unless, after opportunity for hearing, it finds that the proposed exportation or importation will not be consistent with the public interest. The Commission may by its order grant such application, in whole or in part, with such modification and upon such terms and conditions as the Commission may find necessary or appropriate, and may from time to time, after opportunity for hearing, and for good cause shown, make such supplemental order in the premises as it may find necessary or appropriate." 15 U.S.C.A. § 717b.

conditioned[4] as it is, is considered in the light of the record and the full and careful opinion of the Commission, we can find no basis in the record for the conclusion urged upon us that its granting was arbitrary and unreasonable and contrary to the evidence and the statute.

Nor can we agree with petitioners that they stand in any stronger position on their complaint[5] that the hearing was unfair and was conducted in such disregard of the "basic concepts of fair play" that they were denied a full and fair hearing.

Here, as in the attack on the findings as unsupported, petitioners base their claim entirely upon the fact that the Commission on original hearing found against the permit and on rehearing, with no new evidence except the Nichols report, reversed itself. Thus treating the case as though it was the Nichols report which produced the result on rehearing, they argue that having been denied the right to cross-examine Nichols, the hearing has been unfair as to them.

■ A careful examination of the record, including the statement of the Commissioner Smith and his concurring opinion on rehearing, leaves us in no doubt that the statement of Nichols was given little or no weight and that the conclusion of the Commission was based upon a full consideration of the evidence as a whole and was entirely supported by it. If, therefore, we could agree with the petitioners that in receiving Nichol's statement, under the limitations imposed by the Mexican government as to cross-examining him on it, was error,[6] we could not agree that it was of such a prejudicial character as to make the hearing unfair.

■ As to petitioners' second point, the refusal of the Commission to issue a subpoena for the witness, Grover Richard Adams, we agree with the Commission that his testimony would not have been relevant or material to the issues involved in the hearing in the certificate case, docket No. G-748. It follows, therefore, that the refusal to issue the subpoena was not prejudicial error.[7]

■ Petitioners' final point that it was error not to make Reynosa's parent corporation, LaGloria, a party is wholly without merit. If LaGloria's interests were affected, it would be for LaGloria and not for petitioners to complain, but Reynosa is the applicant, it is the company which transports the gas, and the record presents no reason why LaGloria should have been made a party as one affected by the order.

---

[4] Summarized these conditions are:

(a) Reynosa is authorized to export natural gas in accordance with the contract between Reynosa, as seller, and Gas Industrial, as buyer;

(b) The permit shall terminate upon failure of Reynosa to comply with any of the terms or conditions;

(c) The limitation of the exportation to natural gas produced in LaBlanc, North Weslaco and South Weslaco fields in Hidalgo County, Texas;

(d) To 50,000 M. C. F. per day in whole but to be reduced by gas received from Mexican sources of gas supply received by Gas Industrial;

(e) Users of the gas in the U. S. are to receive preferential service over Gas Industrial, and the existence of the export permit shall not be ground for refusal of Reynosa or LaGloria, its parent corporation to sell to users in the U. S.;

(f) The contract between Reynosa and Gas Industrial may not be changed without prior authorization of the Commission;

(g) The authorization herein granted may be modified from time to time or terminated upon further order of the Commission.

[5] These are the acts and rulings relied on as unfair:

(1) The reception by the Commission of a statement by Nichols, a geologist employed by Petro Leos Petroleum Mexicanos, a corporate agency of the Mexican government, as to the natural resources in the Mission field in Mexico under an agreement with the Mexican government that he should not be subject to cross-examination.

(2) The failure of the Commission to make LaGloria, the parent corporation of Reynosa, a party to the proceeding.

(3) The failure of the Commission in refusing petitioners' request to subpoena Grover Richard Adams as a witness familiar with Mexican gas resources.

[6] But see Wigmore, Evidence, 3rd Ed., Vol. 8, pp. 746, 785, and Viereck v. United States, 76 U.S.App.D.C. 262, 130 F. 2d 945.

[7] N. L. R. B. v. Friederich, Inc., 5 Cir., 116 F.2d 888.

If petitioners' point is that the imposed condition as to the condition of priority of United States customers was by the order made applicable to LaGloria as well as Reynosa, and since LaGloria was not a party, it could not be made effective as to LaGloria, the simple answer is of LaGloria, parent of Reynosa, does not respect the condition, Reynosa's permit, being so conditioned, would immediately lapse.

It remains only to consider the motion of Cia Mexicana that it be granted leave, pursuant to Section 19 of the Natural Gas Act, 15 U.S.C.A. § 717r, to adduce additional evidence before the Commission as to facts which have occurred since the hearing. The Commission opposes the motion on several grounds: (1) That the motion does not show that the evidence sought to be adduced was material and that there were reasonable grounds for failure to adduce it before the Commission as provided for in the invoked section of the Act; (2) that the evidence related to matters which have occurred since the conclusion of the proceedings may not be the subject of the motion; and (3) the motion does not present any grounds calling for the exercise in movant's favor of the court's discretion. The limitations and reservations in the authorization order complained of, particularly the provisions in it that the authorization may be modified from time to time or terminated upon further order of the commission, make it plain that the commission has the right to reopen docket G-595, the permit order, at any time for the purpose of determining whether the permit shall be further continued in force or terminated. If the matters with which the motion deals are material and if established will, or may, be effective to bring about a termination of the permit order, Cia Mexicana, or the State of Texas, or both, will be able to present them to the Commission on a motion to reopen as effectively as they could do if the matter were referred back by us for the taking of further testimony. Because this is so, we will, without determining any of the questions raised as to it, deny the motion to adduce additional evidence, without prejudice, however, to the right of the petitioners, on a proper showing, to reopen the proceeding before the Commission on the question of whether the permit should be modified or terminated.

The petitions for review and for leave to adduce additional evidence are denied.