Public Utilities Commission
No. 7084

LAMBERT CONSTRUCTION COMPANY, INC.

v.

STATE OF NEW HAMPSHIRE

September 30, 1975

*Peter Makris* and *Philip P. Bonafide (Mr. Makris* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *John L. Ahlgren,* attorney *(Mr. Ahlgren* orally), for the State.

LAMPRON, J. Appeal under RSA 541:6 from a denial after hearing by the public utilities commission of two applications filed with it by the plaintiff on June 13, 1973. At that time plaintiff held a permit issued June 11, 1968, under the so-called grandfather clause of RSA 375-B:4 (Supp. 1973), which authorized it to transport rubbish, sand, processed gravel, rock and asphalt mixes within a 30-mile radius of Laconia. Plaintiff's first application (D-T 6494) sought authority to operate as a household goods carrier for hire within the same territory. RSA ch. 375-A (Supp. 1973). The second (D-T 6495) was for authority to operate in the same area as a contract carrier transporting buildings and cabins, boats, machines, construction equipment, house trailers and mobile homes, fire wood, construction materials, farm produce and scrap metals. RSA 375-B:7 (Supp. 1973).

With regard to the application to operate as a household goods carrier, the commission made the following findings which are supported by the evidence. In 20 years of operation, applicant has moved all kinds of items including stoves, boilers, ranges and other household goods. It has no storage facilities. All its trucks are open vehicles. It has no closed van and no employees except Raymond J. Lambert, Jr., himself. He secures helpers when needed, for whom there is no insurance protection or coverage. There are sufficient authorized household carriers adequately equipped with full-time employees to serve the area. The petition was therefore denied as the applicant "is not fit, willing and able properly to perform the

service proposed and ... the public convenience and necessity" does not require the issuance of a certificate. RSA 375-A:3 (Supp. 1973).

In denying plaintiff's application for a contract carrier permit to transport the objects enumerated in it, the commission made the following findings which were warranted by the evidence. The plaintiff, through Raymond Lambert, knew the requirements of the law regarding the moving of the type of property covered in its application. He received a letter from the commission dated September 30, 1968, describing and defining plaintiff's authority under the certificate it held. Although he knew the requirements to haul property for hire he nevertheless moved buildings and other objects without the required authority and so admitted. Several certified carriers appeared to oppose the application for the collective reason that plaintiff was not fit to perform the service requested and that there is no need for it in the area. The commission denied the application because it found plaintiff "not fit, willing and able properly to perform the service and that the public need does not require the granting of a permit." RSA 375-B:7 (Supp. 1973).

Plaintiff filed motions for rehearing on the following grounds: (1) plaintiff was not represented by counsel at the original hearing; (2) the commission did not give adequate weight to the facts presented in arriving at its decisions; and (3) the denial of its application to act as a household goods carrier will result in irreparable financial damage to plaintiff's main source of revenue.

The record shows that the original hearings were scheduled by the commission for August 21, 1973. Upon request of plaintiff's counsel they were rescheduled for October 25, 1973. On that date plaintiff was represented at the hearings by Raymond J. Lambert, Jr., operator and treasurer, and holder with his wife of all the stock issued. When Lambert informed the commission that plaintiff's counsel was absent because he was busy in superior court, a continuance was mentioned but Lambert elected to proceed without counsel. "I'd like to get it over with ... I will [go forward] if we don't get our satisfaction. I'll go further. I want what I want, that is it." Lambert testified on behalf of the plaintiff and cross-examined witnesses opposing the application.

The 133-page transcript of the evidence presented at the re-

hearing in which plaintiff's counsel participated shows that plaintiff was given a full opportunity to present his case on both applications. The chairman of the commission denied a motion by the opponents that the evidence be restricted to new matters only. We hold that the original hearings together with the rehearing met the requirements of due process. *Wheeler v. State,* 115 N.H. 347, 341 A.2d 777 (1975); 2 Am. Jur. 2d *Administrative Law* §§ 405, 406 (1962); K. Davis, Administrative Law Text §§ 7.03, 7.04 (3rd ed. 1972); *see id.* § 7.11.

Plaintiff contends, however, that the issues presented at the rehearing should have been decided solely on the evidence there presented insulated from any evidence introduced at the original hearings. An application for a rehearing of a prior determination is not a new proceeding but merely another step in the proceeding in which the prior determination was made. 2 Am. Jur. 2d *Administrative Law* § 538 (1962). Its purpose is to direct "attention to matters said to have been overlooked or mistakenly conceived in the original decision and thus invites a reconsideration upon the record upon which that decision rested." *Atchison, T. & S. F. Ry. Co. v. United States,* 284 U.S. 248, 260 (1932). We hold that the commission properly based its decision on rehearing on the record of the original hearings and on the evidence presented at the rehearing which, without objection by plaintiff's counsel, was not limited to new matters only.

In its report following the rehearing, the commission adverted to Raymond Lambert's testimony in which he stated that he had been "moving almost anything" and had never refused anybody since 1954. It referred to plaintiff's lack of an enclosed van and to testimony that plaintiff could purchase one. The letter of the commission to the applicant under date of September 30, 1968, explaining the extent and limitations of the activities which were permitted under its contract carrier permit was again mentioned. It was noted that numerous letters from existing business customers were submitted by plaintiff on the issue of public convenience and necessity. There was evidence that Lambert kept few or no records and that he had no regular full-time employees for most of the time of his operation. There was also evidence from which the commission could find that there were sufficient qualified licensed carriers to render the services applied for and that plaintiff's invested capital could be used in large part for the ser-

vices for which it is already authorized so that no serious hardship would result from the denial of its applications.

The commission concluded that the evidence in the case showed a lack of good faith by the plaintiff and a careless disregard for the laws, rules and regulations, and communications of the commission. The commission ruled: "The Commission cannot grant authority under these circumstances. Accordingly, these applications are denied." RSA 375-A:3 (Supp. 1973); RSA 375-B:5 (Supp. 1973). Under RSA 541:13 the plaintiff had the burden of proving on this appeal that the decisions of the commission were clearly unreasonable or unlawful. Furthermore all findings of the commission on all questions of fact are deemed to be prima facie lawful and reasonable. We hold that the plaintiff has failed to prove that the orders of the commission should be set aside or vacated.

*Appeal dismissed.*

All concurred.