VILLAGE OF PRENTICE, Petitioner-Respondent, and Cross-Appellant,

v.

TRANSPORTATION COMMISSION OF WISCONSIN, and Wisconsin Department of Transportation, Appellants and Cross-Respondents.†

Court of Appeals

*No. 84–240. Submitted on briefs August 27, 1984.— Decided February 5, 1985.*
(Also reported in 365 N.W.2d 899.)

† Petition to review denied.

For the appellants the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Robert D. Repasky,* assistant attorney general.

For the respondent the cause was submitted on the briefs of *Peter J. Thompson* of Prentice.

Before Cane, P.J., Dean and Brown, JJ.

CANE, P.J.  The Wisconsin Department of Transportation appeals the circuit court's order that vacated an order by the Transportation Commission of Wisconsin. The commission's order rescinded a previous order that required a divided crossing where State Trunk Highway 13 crosses the tracks of the Soo Line Railroad Company near the Village of Prentice. The commission ordered that an at-grade crossing be constructed instead of a divided crossing. The circuit court ruled that the commission erred because there was no substantial change of circumstances to justify reopening the original proceeding or to rescind the previous order. The department argues on appeal that the circuit court applied an erroneous test when reviewing the commission's action because a substantial change of circumstances is not necessary to justify rescission of a previous order by the commission.

The Village of Prentice cross-appeals the part of the circuit court's decision that ruled that res judicata does not prohibit rescission of a previous order. Prentice also argues that permitting the commission to rescind a previous order interferes with the constitutional authority of the judiciary because the order was originally upheld in a ch. 227, Stats., review proceeding.

We conclude that res judicata does not prohibit the commission from rescinding the previous order. Permitting rescission also does not interfere with judicial authority. Finally, because a substantial change of circumstances is not necessary to justify rescission in a reopened proceeding, and because the commission's decision is supported by substantial evidence, we reverse the circuit court's order.

The department petitioned the Public Service Commission in 1975 for approval of an at-grade crossing where Highway 13 crosses the Soo Line's tracks near Prentice. The PSC was responsible at that time for approving crossings, although the transportation commission has since become responsible for such determinations. After public hearings, the PSC ordered in 1976 that a divided crossing be constructed. After this order was upheld in a ch. 227 review by the Dane County Circuit Court, the Wisconsin legislature passed a law prohibiting the construction of the divided crossing. The law was declared unconstitutional in 1981 by the Wisconsin Supreme Court. The department then petitioned the Transportation Commission to rescind the previous order requiring the divided crossing. The divided crossing was not constructed at that time. After a public hearing, the commission rescinded the previous order and directed the construction of an at-grade crossing. The Village of Prentice and the Soo Line Railroad then commenced separate ch. 227 review proceedings in Prentice and Dane Counties. The actions were consolidated in Price County, and the Circuit court reversed the commission's order.[1]

[1] We asked the parties to brief the question whether any party to the circuit court action had standing to seek judicial review of the commission's order. The Village of Prentice is the only party identified as seeking review, although this action was consolidated with a similar one commenced by the Soo Line Railroad Company. The circuit court decision indicates, however, that the Soo Line is no longer involved in the litigation. Because Prentice may not have a particularized interest in the litigation to give it standing by itself, see *Citizens For Sensible Zoning, Inc. v. DNR*, 90 Wis. 2d 804, 818, 280 N.W.2d 702, 708 (1979), whether the Soo Line is still a party may affect the subject matter jurisdiction of the trial court. *See Fox v. Wisconsin Dep't of Health & Social Serv.*, 112 Wis. 2d 514, 536–38, 334 N.W.2d 532, 543 (1983). The trial court would be required to dismiss the action for lack of subject matter jurisdiction if the

## AUTHORITY TO RESCIND PRIOR ORDER

The threshold issue we must address is whether the commission had authority to rescind the previous order and, if so, whether the principles of res judicata prohibit rescission. Prentice claims that the commission only has authority to consider petitions to establish protection at new crossings and petitions to evaluate the protection at existing grade crossings. *See* secs. 195.29(1) and 195.28 (1), Stats. Prentice contends that the department's petition to reopen falls under neither jurisdictional basis. Alternatively, Prentice claims that the PSC acted in a quasi-judicial capacity when it originally determined the protection needed at the crossing, and the commission is therefore prohibited by res judicata from rescinding the previous order.

The commission had jurisdiction to rescind the previous order and to enter a new order pursuant to sec. 195.-05(4), Stats. Section 195.05(4) expressly provides that the commission may rescind, alter or amend any order at any time after giving the railroad notice and an opportunity to be heard. This statute clearly authorizes the commission to rescind the previous order. Notice and hearing were provided in this case.

Section 195.05(4) also makes the doctrine of res judicata inapplicable to commission orders. Because no time limitation is imposed for petitioning to reopen, the

---

Soo Line is no longer a party and if Prentice does not have standing to seek judicial review. *See Kammes v. State Mining Inv. & Local Impact Fund Bd.*, 115 Wis. 2d 144, 151, 340 N.W.2d 206, 210 (Ct. App. 1983). After reviewing the record, however, we conclude that the Soo Line was not dismissed from the action, although it chose not to submit briefs to the trial court. Because the Soo Line had standing to seek judicial review, the trial court had jurisdiction to render a decision.

commission can rescind a previous order at any time. *See Civil Aeronautics Board v. Delta Airlines, Inc.*, 367 U.S. 316, 329 (1961). Res judicata does not apply to a reopened proceeding in any event because the further proceeding to reconsider is part of the original action. *See* 2 Am. Jur.2d *Administrative Law*, § 531 (1962). Res judicata only prohibits subsequent new actions between the same parties as to all matters that were litigated or that might have been litigated in former proceedings. *DePratt v. West Bend Mutual Insurance Co.*, 113 Wis. 2d 306, 310, 334 N.W.2d 883, 885 (1983).

## SEPARATION OF POWERS

Rescission of the previous order does not interfere with the constitutional authority of the judiciary. Prentice contends that prior judicial affirmance of the order, and our supreme court's invalidation of legislation intended to reverse the order, prohibit rescission by the commission. Prentice claims that rescission violates the separation of powers. Applying the proper tests for such a violation, however, reveals no administrative encroachment on the judiciary.

Two tests exist for determining whether the constitutional separation of powers is violated. First, no interference with the judiciary is permitted in an area reserved exclusively to the judiciary. *See In re Grady*, 118 Wis. 2d 762, 776, 348 N.W.2d 559, 566 (1984). Second, undue burden or substantial interference with the judiciary is prohibited in areas of shared power. *See id.* at 775–76, 348 N.W.2d at 566. Rescission of a prior administrative order violates neither test. Determining what protection is needed at a railroad crossing is not an area reserved exclusively to the judiciary. Rescission of a prior order also does not improperly in-

terfere with judicial review of administrative decisions. Judicial review protects against arbitrary, unreasonable or oppressive administrative action. *See State Department of Administration v. DILHR,* 77 Wis. 2d 126, 135, 252 N.W.2d 353, 357 (1977). Because persons who are adversely affected by the rescission of a previous order are entitled to judicial review, there is no interference with the oversight function of the judiciary.

The supreme court's invalidation of legislation intended to reverse the previous order also does not prohibit rescission by the commission. The commission's power to rescind does not interfere with the supreme court's decision in *Soo Line Railroad Co. v. Department of Transportation,* 101 Wis. 2d 64, 303 N.W.2d 626 (1981). The supreme court ruled in that case that legislation was an unconstitutional private bill because the subject matter of the bill was not stated in the title. *Id.* at 77–78, 303 N.W.2d at 633. The decision does not limit the statutory authority of the commission to rescind a previous order.

## STANDARD TO RESCIND ORDER

We next consider whether the commission must show deference to the previous order when considering whether to rescind, alter or amend it. Prentice contends that evidence of a substantial change of circumstances is necessary to justify rescission. The department claims that the commission owes no deference to the previous order and may make any order that it originally could make. We perceive two issues embodied in the arguments: what is the standard for reopening a proceeding; and what is the standard for rescinding, altering, or amending an order.

██  Section 227.12(3), Stats., defines the standard for granting a rehearing in an administrative proceeding. Section 227.12(3) conditions a rehearing upon allegations of material legal or factual error, or discovery of new evidence that could not have been previously discovered. Because the notice and hearing requirement of sec. 195.05(4) makes a rehearing necessary to rescind a previous order, and because sec. 195.05(4) does not define a procedure for reopening, the procedure in sec. 227.12 applies to such proceedings.[2] The commission may decide whether to reopen after considering only the allegations in the petition. See sec. 227.12(5), Stats. (petition may be granted without a hearing).

██  Although the standard in sec. 227.12(3) should be satisfied before the commission reopens a proceeding, circuit courts lack jurisdiction to review discretionary decisions to reopen. Section 227.15, Stats., only authorizes judicial review of administrative "decisions." No jurisdiction exists to review an order that is not a "decision" within the meaning of the statute. *Wisconsin's Environmental Decade, Inc. v. Public Service Commission*, 93 Wis. 2d 650, 657, 287 N.W.2d 737, 741 (1980). Section 227.15 envisions review of a decision that is supported by a record and based on findings of fact and conclusions of law. *Id.* at 658, 287 N.W.2d at 741. Because the decision to reopen is not necessarily based on a record or factual and legal findings, it is not judicially reviewable. The trial court in this case therefore lacked jurisdiction to decide whether the commission properly granted a rehearing.

---

[2] The 20-day limit of § 227.12(1), Stats., for seeking a rehearing does not apply to a §195.05(4), Stats., proceeding, however, because § 195.05(4) specifically permits rescission at any time.

We next address the standard that the commission must apply when deciding whether to rescind a previous order. Prentice argues that the commission must find a substantial change of circumstances before rescinding an order.

A petitioner has to prove more to justify changing the protection at an existing railroad crossing than to justify original protection at a new crossing. The commission is required to order protection at a new crossing that is reasonably necessary to promote public safety. *See Green Bay & Western Railroad v. Public Service Commission,* 269 Wis. 178, 187, 68 N.W.2d 828, 832 (1955). The commission is not required to order the type of crossing that is most safe. *Id.* Sections 195.28 (1) and 195.29 (1) require an additional showing, however, that public safety requires an alteration of an existing crossing. While proving the need for change is not identical to showing a change of circumstances, the requirement does limit the freedom of the commission to deviate from previous orders. This additional burden exists only in new proceedings initiated under secs. 195.28(1) and 195.29(1), however, rather than previous proceedings that are reopened.

The commission is not limited by a previous decision in a reopened proceeding. It may make any order after the rehearing that it originally could have made. *See Cia Mexicana de Gas v. Federal Power Commission,* 167 F.2d 804, 806 (5th Cir. 1948); *Shein v. United States,* 102 F. Supp. 320, 323 (D.C. N.J. 1951); *Fidler v. Industrial Commission,* 233 P.2d 457, 458 (Ariz. 1951); *see also* 73A C.J.S. *Public Administrative Law and Procedure* § 162(a) (1983). Further proceedings in a reopened matter are part of the original action, and the commission may base its decision on the record of the

original hearing and on the evidence presented at the rehearing. *See Lambert Construction Co. v. State,* 345 A.2d 396, 398 (N.H. 1975). Because the commission does not have to find that public safety requires an alteration of a crossing in reopened proceedings, we must identify a test to distinguish between reopened proceedings and new proceedings in order to avoid labeling improprieties.

A proceeding to determine railroad crossing protection may be reopened as long as the original order remains executory. After an order is executed, a new proceeding under sec. 195.28(1) or 195.29(1) must be initiated to change existing crossing protection. The distinction we make gives commission orders greater finality after resources are expended. It is appropriate to impose the added burden of proving the need to change a previous order after the order has been executed. Because the interest in finality does not arise until reliance occurs, however, the commission does not have to defer to an unexecuted order.

Because the order to build a divided crossing was unexecuted in this case, the circuit court erred by requiring the commission to defer to the previous order. The commission had the same authority to make any order after the rehearing that it originally could have made. The circuit court should have reviewed the subsequent order requiring an at-grade crossing as though it was an original order. Section 227.12(6), Stats., specifically provides that any order made after a rehearing shall have the same effect as an original order. Under that test, the order must be upheld if the commission's finding that an at-grade crossing promotes public safety is supported by substantial evidence. *See Bucyrus-Erie Co. v. DILHR,* 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146 (1979). Sub-

stantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 418, 280 N.W.2d at 147.

### SUBSTANTIAL EVIDENCE SUPPORTS THE ORDERED CROSSING

The commission's finding of safety is supported by substantial evidence. Although the record of the initial hearing contains only slight evidence regarding safety, the record of the rehearing includes substantial expert testimony supporting the commission's finding. Several traffic safety experts testified that an at-grade crossing is safe in this situation because of light automobile traffic and infrequent trains. They testified that the visibility of the crossing is adequate and that the installation of flashing signals would make the crossing safe. The commission ordered the installation of the recommended signals. Because substantial evidence indicates that an at-grade crossing is safe at this crossing, we reverse the circuit court's order and reinstate the commission's order.

*By the Court.*—Order reversed.