CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE, V. WILLIAM M. WADE, APPELLANT, AND PERSONNEL BOARD OF THE CITY OF OMAHA, APPELLEE.

510 N.W.2d 564

Filed September 7, 1993.   No. A-92-041.

Thomas F. Dowd, of Dowd & Dowd, for appellant.

Herbert M. Fitle, Omaha City Attorney, Michael A. Goldberg, and Kent N. Whinnery for appellee City of Omaha.

CONNOLLY, MILLER-LERMAN, and WRIGHT, Judges.

CONNOLLY, Judge.

This appeal arises from the district court's judgment affirming in part, and in part reversing and vacating, the judgment of the personnel board of the City of Omaha (the Board), concerning the appeal of William M. Wade, who had been discharged from his job with the City of Omaha (the city) for theft of city property. The court affirmed the Board's denial of Wade's appeal, but reversed and vacated the decision of the Board to impose upon Wade a penalty inconsistent with the terms of Omaha municipal ordinance No. 32171 (1990), which approved the collective bargaining agreement (CBA) between the city and its employees. The city's position on appeal to the district court was that the Board had no alternative under the CBA but to terminate Wade. Wade argues that the district court erred in relying on the CBA on appellate review because the ordinance had not been properly incorporated into the record in the proceedings before the Board. We affirm.

## I. FACTS

In a letter dated July 5, 1991, the city notified Wade that he was being dismissed from city employment effective July 29, 1991, because he had violated article 4, § 1(24), of the CBA, which calls for discharge of a city employee for "[t]heft of any City, government, or employee property." Wade was informed that he was also subject to dismissal under article 4, § 1, of the CBA, which states that "[a]ny action which reflects discredit upon the [civil] service or is a direct hindrance to the effective performance of the CITY government functions shall be considered good cause for disciplinary action." Wade had

previously confessed to the theft of city supplies.

Wade appealed his dismissal to the Board. After a hearing on August 29, the Board found that Wade had violated the applicable terms of the CBA. The Board denied Wade's appeal. However, the Board modified the disciplinary action from dismissal to a 60-day suspension without pay. The CBA was not incorporated into the record of the August 29 hearing.

The city filed a motion for reconsideration, claiming that the Board did not have the authority to suspend Wade from employment for 60 days because article 4, § 1(24), of the CBA mandates that city employees who steal city property must be discharged. A hearing on the motion was held on September 19. At the hearing, the Board received the CBA into evidence over Wade's objection. According to article 4, § 1(24), the penalty for theft of city property is discharge; there is no provision allowing for suspension. The city petitioned the Board to reconsider its order of suspension and, pursuant to the CBA, uphold the city's decision to dismiss Wade.

The city also introduced an affidavit of George M. Ireland, the acting personnel director at the time of the August 29 hearing. Ireland stated that the Board had summoned him to the deliberations room on August 29 and, unbeknownst to the parties or their counsel, asked Ireland if Wade would be provided a pension if his dismissal were affirmed. When Ireland responded that Wade would lose his pension if he were terminated, the Board asked Ireland the maximum number of suspension days that could be imposed on Wade in lieu of termination. The city argued that by engaging in off-the-record consultation with Ireland during deliberations, the Board had committed error prejudicial to the city in the August 29 proceeding.

The Board denied the city's motion for reconsideration. The city timely filed a petition in error in the district court, alleging that the Board's decision to suspend rather than discharge Wade was an arbitrary, capricious, erroneous, and unreasonable error as a matter of law. The district court overruled Wade's objection to the admission of the CBA into the record at the September 19 hearing, found that the Board had erred in consulting with Ireland during deliberations on August 29,

affirmed the Board's August 29 denial of Wade's appeal, reversed and vacated the 60-day suspension, and ordered Wade discharged "[p]ursuant to the clear and unambiguous language of the [CBA]."

## II. ASSIGNMENTS OF ERROR

Wade argues that the district court erred in (1) overruling his objection to the offer of the CBA at the September 29 hearing and then relying upon the CBA as evidence when it was not part of the record of the August 29 hearing, (2) ruling that the ex parte communication between the city's acting personnel director and the Board constituted error as a matter of law, and (3) refusing to grant Wade reasonable attorney fees.

## III. STANDARD OF REVIEW

The standard of review in an error proceeding involving an administrative agency is that both the district court and an appellate court review the record to determine whether the agency acted within its jurisdiction and whether there is relevant evidence to support the decision. *Geringer v. City of Omaha*, 237 Neb. 928, 468 N.W.2d 372 (1991).

A court reviewing an order of an administrative agency to determine whether there has been due process of law must determine whether there was reasonable notice and an opportunity for a fair hearing. *Bockbrader v. Department of Insts.*, 220 Neb. 17, 367 N.W.2d 721 (1985).

## IV. ANALYSIS

### 1. CBA WAS PART OF THE ADMINISTRATIVE RECORD

In an error proceeding, the reviewing court is restricted to the record before the administrative agency upon which the decision was made, and it cannot reweigh the evidence or make independent findings of fact. *Geringer, supra*. The district court relied on the CBA when it reversed and vacated the judgment of the Board and ordered the discharge of Wade. The district court could rely on the CBA only if the CBA was part of the record made before the Board. Wade contends that since there is no specific statutory provision for filing a motion for reconsideration with the Board, the record was closed after the August 29 hearing without the ordinance in evidence.

Therefore, the dispositive question in this appeal is whether the authority of an administrative agency to reconsider a decision includes the authority to reopen the record and receive additional evidence.

The city asserts that exhibit 2, the "Board packet" put into evidence at the August 29 hearing, contains portions of the CBA. In the alternative, the city argues that the Board could have taken judicial notice of the CBA. In reviewing exhibit 2, we find that it contains letters from the city to Wade referring to article 4, § 1, and article 4, § 1(24), of the CBA, but that it does not contain the actual provisions of the ordinance at issue. Although the Board could have taken judicial notice of the CBA, courts of general jurisdiction will not take judicial notice of municipal ordinances not present in the record, nor will appellate courts on appeal. *Hawkins Constr. Co. v. Director*, 240 Neb. 1, 480 N.W.2d 183 (1992). Thus, the judgment of the district court can stand only if the admission of the CBA into evidence at the September 19 reconsideration hearing was valid.

Wade correctly points out that there is no statutory or regulatory procedure for the reconsideration of a decision by the Board. However, in *Bockbrader*, 220 Neb. at 24, 367 N.W.2d at 727, the Nebraska Supreme Court stated: "Administrative bodies which exercise judicial or quasi-judicial powers have the power to decide controversies. 'The power to decide usually implies the power to reconsider.' [Citation omitted.] The power to reconsider exists until the aggrieved party files an appeal or the statutory appeal period has expired." In the instant case, no appeal had been filed and the appeal period had not expired when the city filed its motion for reconsideration.

In order to decide this appeal, we believe it is necessary to properly characterize the proceedings at issue. Upon review of the record, we find that regardless of the wording of the Board's decision, on September 19 the Board effectively granted the city's motion for reconsideration, conducted a hearing, received additional evidence, and then denied the relief sought by the city. Relying on *Bockbrader*, we find that the Board acted within its jurisdiction in reconsidering its previous ruling on Wade. We find nothing in Nebraska precedent or in the

record before us to guide us on the subsequent question of whether the Board was authorized on reconsideration to reopen the record and receive additional evidence.

Other jurisdictions generally fall into three categories in their treatment of this question, with courts using the terms "rehearing" or "reopening" interchangeably with "reconsider" or "reconsideration."

Some jurisdictions permit administrative agencies to admit new evidence on reconsideration. See *Village of Prentice v. Wis. Transp. Comm.*, 123 Wis. 2d 113, 365 N.W.2d 899 (Wis. App. 1985) (further proceedings in a reopened matter are part of the original action, and the administrative agency may base its decision on the record of the original hearing and on the evidence presented at the rehearing). Accord, *Civil Service Com'n v. Boston Mun. Court*, 27 Mass. App. Ct. 343, 538 N.E.2d 49 (1989); *Lambert Construction Company, Inc. v. State*, 115 N.H. 516, 345 A.2d 396 (1975). See, also, *Beck v. City of Tillamook*, 313 Or. 148, 831 P.2d 678 (1992) (state statute allows administrative agency to reopen record and admit new evidence). Accord *Spang & Co. v. Dept. of Env. Res.*, 140 Pa. Commw. 306, 592 A.2d 815 (1991). See, also, *City of El Paso v. Pub. Utility Com'n of Texas*, 609 S.W.2d 574 (Tex. Civ. App. 1980) (question of whether to reopen an administrative record to allow additional evidence is one addressed to the discretion of the administrative agency).

Other jurisdictions do not permit administrative agencies to admit new evidence on reconsideration. See *In re Kauai Elec. Div. of Citizens Util. Co.*, 60 Haw. 166, 590 P.2d 524 (1978) (ordinarily, a petition for rehearing is for the purpose of directing attention to matters said to have been overlooked or mistakenly conceived in the original decision, and thus invites a reconsideration *upon the record upon which that decision rested*). See, also, *Harris v. Dist. of Columbia Rental Housing*, 505 A.2d 66 (D.C. App. 1986) (new evidence submitted posthearing may not be admitted into the record and, therefore, may not provide a basis upon which an agency may issue a decision; however, the record may be kept open for the submission of memoranda containing conclusions which could be drawn from evidence already in the record).

A significant number of jurisdictions analogize a motion for reconsideration to a motion for new trial and permit administrative agencies to admit new evidence on reconsideration under the same standard applied in a motion for new trial. See *La. Land & Exp. v. Oil & Gas Cons. Com'n*, 809 P.2d 775 (Wyo. 1991) (where administrative rules and regulations provide for rehearings, normal rules for new trial which apply in the courts should also apply, invoking requirements of newly discovered evidence, including materiality, and that the evidence could not, with reasonable diligence, have been discovered and produced at hearing). See, also, *In re Deaconess Hospital*, 83 Ohio App. 3d 1, 613 N.E.2d 1049 (1992) (decision to decline to reopen the record to allow the introduction of a report was proper where no evidence was presented as to why the report could not have been presented earlier). See, also, *Sheehan v. Bd. of Fire & Police Comm'rs*, 158 Ill. App. 3d 275, 509 N.E.2d 467 (1987) (appellant was not entitled to a rehearing based on new evidence where witnesses whose testimony would constitute alleged new evidence could have been subpoenaed to testify at prior hearing). See, also, *Metro Transp. v. Public Utility Com'n*, 128 Pa. Commw. 223, 563 A.2d 228 (1989) (party did not set forth any new evidence that would have required the administrative agency to grant petitions for rehearing or reopening of the record). See, also, *Wilson v. Department of Public Works*, 528 So. 2d 1060 (La. App. 1988) (administrative agency properly denied party's motion to reopen his appeal after considering the party's allegations of newly discovered evidence and determining that there was no basis for reopening the matter).

We are persuaded by the logic of the courts that have held that administrative agencies may receive additional evidence on reconsideration or rehearing. From the various authorities cited above, we fashion the following rule: The question of whether to reopen an administrative record to allow additional evidence is one addressed to the discretion of the administrative agency; further proceedings in a reopened matter are part of the original action, and the administrative agency may base its decision on the record of the original hearing and on the evidence presented at the rehearing. This rule is subject to the

proposition, well-settled in Nebraska law, that proceedings before an administrative agency must comply with the principles of due process. See *Bockbrader v. Department of Insts.*, 220 Neb. 17, 367 N.W.2d 721 (1985). Furthermore, in fashioning a rule which permits the admission of additional evidence at a rehearing, this court does not intend to encourage rehearings as a substitute for properly presenting evidence in the original hearing.

In the case at bar, the Board acted within its jurisdiction in conducting a subsequent hearing on Wade's case and receiving additional evidence. Although the city was perhaps clumsy in the manner in which it had the CBA incorporated into the record, we find no violation of Wade's due process rights in the Board's decision to receive the CBA into evidence at the September 19 hearing. Thus, the CBA was properly before the district court on appeal.

The terms of the CBA dictate the outcome of this appeal. Article 4, § 1(24), of the CBA requires the Board to fire a city employee who steals city property. Article 4, § 1, of the CBA also contains the following provision: "On appeal the Personnel Board shall have the authority to determine which of the above rules, if any, were violated by an employee *but may not vary the penalty prescribed for an infraction of any of the above rules*." (Emphasis supplied.) Therefore, the district court was correct in finding that the Board had erred as a matter of law in suspending, rather than terminating, Wade.

## 2. EX PARTE CONTACT DURING BOARD DELIBERATIONS

Our resolution of the first assignment of error makes it unnecessary to reach the second assignment of error.

## 3. ATTORNEY FEES

Wade's argument for attorney fees was based on the premise that the city's filing of a petition in error in the district court was frivolous. As indicated by our discussion above, the city's petition in error was not frivolous. Therefore, the district court was correct in refusing to grant Wade attorney fees.

AFFIRMED.