IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


SHEEHY V. ALBIN


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


ANGELA D. SHEEHY, APPELLANT,

V.

JOHN ALBIN, COMMISSIONER OF THE NEBRASKA DEPARTMENT OF LABOR, NEBRASKA
DEPARTMENT OF LABOR, AND PRINT EXPRESS, INC., APPELLEES.


Filed January 31, 2023.    No. A-22-450.


Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Mark T. Bestul, of Legal Aid of Nebraska, for appellant.

Katie S. Thurber and Elizabeth Cano, of the Nebraska Department of Labor, for appellees
John Albin and the Nebraska Department of Labor.

John L. Selzer, of Simmons Olsen Law Firm, P.C., L.L.O., for appellee Print Express, Inc.


MOORE, BISHOP, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Angela D. Sheehy appeals from the Lancaster County District Court's order affirming the
Nebraska Department of Labor's determination that Sheehy was disqualified from receiving
unemployment benefits because she was discharged from her employment for misconduct. For the
reasons set forth herein, we affirm.

## STATEMENT OF FACTS

Sheehy was employed as an office assistant and graphic designer for Print Express, Inc.
(Print Express) from March 2020 until she was terminated in October 2020. The month following
her termination, Sheehy filed an application for unemployment benefits. In late November 2020,

the Nebraska Department of Labor issued a qualifying determination that Sheehy was entitled to receive employment benefits because the evidence did not support a finding that she was terminated from her employment for misconduct. Print Express appealed the adjudicator's determination to the Nebraska Appeal Tribunal (Tribunal).

The hearing before the Tribunal was originally scheduled in January 2021 but was continued to March due to issues with the recording device. Although the hearing was held on the scheduled date in March, Sheehy failed to appear. During the hearing, the Tribunal heard evidence from Connie Booth, the owner of Print Express. Booth testified that Sheehy was terminated due to multiple instances of arriving late for work, poor performance, poor attitude, and customer complaints regarding Sheehy's rudeness. Booth testified that Sheehy violated the employer's policies and expectations for timeliness, customer relations, and job performance.

In May 2021, the Tribunal reversed the qualifying determination finding that Print Express had met its burden to show that Sheehy was terminated for misconduct and was disqualified from receiving unemployment benefits. Shortly after this determination, Sheehy filed a request to reconsider the May 2021 decision indicating that "she did not find out about the hearing until after the hearing occurred." The Tribunal granted Sheehy's request to reconsider after finding that there was good cause to reopen the matter. A notice of hearing was then sent to the parties indicating the date and time of the new hearing, instructions for attending the telephone conference, and a statement that the issue noticed for the hearing was whether Sheehy was terminated from her employment for misconduct.

The second hearing was held telephonically in July 2021. The Tribunal took official notice of the record and the decision from the previous hearing and received additional evidence from both parties. Testimony was again received from Booth which resembled her testimony from the prior hearing. Additional testimony was received from Stephanie Wise, the general manager of Print Express, and Sheehy. Booth and Wise testified that Sheehy arrived late to work on multiple occasions, failed to notify Print Express when she was going to be late, received three customer complaints for rude behavior, took personal calls during work in violation of Print Express's policy against cellular phone usage, and repeatedly failed to perform her job duties as expected. For example, Wise testified that on one occasion, Sheehy showed up to work 2 hours late. After Wise was unable to reach Sheehy despite multiple attempts, Wise contacted Sheehy's sister in an effort to locate her. Wise testified that in September 2020 she received customer complaints regarding Sheehy's rude behavior. The following month, Booth discharged Sheehy. Although Sheehy did not deny that she had taken calls during work or that she had sometimes arrived to work late, she testified that Booth never discussed the incidents with her. Additionally, Sheehy offered copies of her cell phone records into evidence to show that Wise did not attempt to contact her on the day she was 2 hours late for work.

In August 2021, the Tribunal issued its decision finding that Sheehy had committed misconduct and determined that Sheehy was disqualified from receiving unemployment benefits. In its decision, the Tribunal stated in relevant part:

> The Tribunal originally found that [Sheehy] was discharged under disqualifying circumstances because [Sheehy] was often late for work and because of customer complaints concerning [Sheehy's] rude behavior. The Tribunal reversed the Notice of

Determination in this matter and held that [Sheehy] was discharged for misconduct and should be assessed a benefit disqualification. [Sheehy] submitted phone records at the re-hearing which were intended to prove a record of communication between her and her employer which disputed whether she had been contacted by her employer on certain dates. [Sheehy] did not produce sufficient evidence to overturn the Tribunal's order issued on 05/03/2021.

. . . .

Here, the evidence at both hearings showed that [Sheehy] had been late for work and the customer complaints had been made against her to the employer. The Tribunal therefore affirms its decision on 05/03/2021 which reversed the Notice of Determination.

Sheehy appealed to the Lancaster County District Court. Following a hearing, the district court affirmed the Tribunal's decision finding that Sheehy was discharged for misconduct and finding no procedural error in the proceedings conducted by the Tribunal. More specifically the district court found that "Sheehy's right to due process was not violated," that "[t]he Appeal Tribunal committed no error in requiring Sheehy to present evidence on reconsideration to overturn" the May 2021 decision, and that "Sheehy was discharged for misconduct." Sheehy now appeals the order of the district court which affirmed the Tribunal's decision.

## ASSIGNMENTS OF ERROR

Sheehy assigns, renumbered and restated, that the district court erred in (1) affirming the Tribunal's decision which improperly shifted the burden of proof in the July 2021 rehearing to Sheehy, (2) failing to find that Sheehy's due process rights were violated because she did not receive notice that she bore the burden of proof in connection with the July 2021 rehearing, and (3) affirming the Tribunal's decision which found that Sheehy was terminated from her employment for misconduct which disqualified her from receiving unemployment benefits.

## STANDARD OF REVIEW

In an appeal from the Tribunal to the district court regarding unemployment benefits, the district court conducts the review de novo on the record, but on review by the Nebraska Court of Appeals or the Nebraska Supreme Court, the judgment of the district court may be reversed, vacated, or modified for errors appearing on the record. *Badawi v. Albin*, 311 Neb. 603, 973 N.W.2d 714 (2022). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* An appellate court, in reviewing a district court judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id*.

The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *Barnett v. City of Scottsbluff*, 268 Neb. 555, 684 N.W.2d 553 (2004). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id*.

ANALYSIS

Before reaching the merits on appeal, we briefly review the laws governing unemployment benefits.

In Nebraska, unemployment benefits are governed by the Employment Security Law. *Badawi v. Albin, supra*. A variety of conditions can disqualify an otherwise eligible individual from receiving unemployment benefits. *Id.* Neb. Rev. Stat. § 48-628.10 (Reissue 2021) provides in relevant part that "[a]n individual shall be disqualified for benefits for the week in which he or she has been discharged for misconduct connected with his or her work, if so found by the commissioner, and for the fourteen weeks immediately thereafter."

In a disputed claim for unemployment benefits, the employer bears the burden of proving an individual is disqualified from receiving benefits because he or she was discharged for misconduct under § 48-628.10. *Badawi v. Albin, supra*.

BURDEN OF PROOF

Sheehy first assigns that the district court erred in affirming the Tribunal's decision which she alleges improperly shifted the burden of proof at the July 2021 rehearing to require her to provide sufficient evidence in order to overturn the Tribunal's May 2021 decision. Although Sheehy acknowledges the Tribunal had the right to rely upon evidence from both the March and July hearings in reaching its decision, Sheehy argues that the Tribunal had no right to shift the burden of proof onto her in the second hearing to overcome the Tribunal's decision from the first hearing. Stated differently, Sheehy argues that it was not her burden to present evidence to overturn the Tribunal's prior decision; rather it was Print Express's burden to prove that she was disqualified from receiving benefits due to misconduct.

Generally, in a disputed claim for unemployment benefits, the employer bears the burden of proving an individual is disqualified from receiving benefits because he or she was discharged for misconduct under § 48-628.10. *Badawi v. Albin*, 311 Neb. 603, 973 N.W.2d 714 (2022). But the procedure followed in hearings before the appeal tribunal is markedly different from that followed in a criminal case, or even a civil case, in a judicial forum. *Id.*; 224 Neb. Admin. Code § 1-001.

Here, during the July 2021 hearing, the Tribunal took official notice of the March 2021 hearing and the Tribunal's subsequent decision. After considering the evidence from both hearings, the Tribunal rendered its decision in August 2021 finding that Sheehy did not produce sufficient evidence to overturn the Tribunal's prior determination and that the evidence at both hearings showed that Sheehy had been late for work and that customer complaints had been made to Print Express regarding her. On appeal to the district court, Sheehy argued that the Tribunal improperly shifted the burden of proof by relying on its prior decision after granting a rehearing. In its de novo review, the district court found:

> Notwithstanding the new docket number, the July 1, 2021, rehearing is "part of the original action," and the Appeal Tribunal "may base its decision on the record of the original hearing and on the evidence presented at the rehearing." *Id.* at 1174-1175, 510 N.W.2d at 568. That is what the Appeal Tribunal did. It based its decision on reconsideration on the record of the original March 24, 2021, hearing and the additional evidence presented at the

July 1, 2021, rehearing. It was, therefore, not error for the Appeal Tribunal to defer to the May 3rd decision that is based on the record of the original hearing.

Moreover, since the Appeal Tribunal had already determined in its May 3rd decision that Print Express presented sufficient evidence at the original hearing to demonstrate that Sheehy was often late to work, thereby, satisfying its burden of establishing misconduct, it was not error for it to then shift the burden of proof to Sheehy at the July 1, 2021, rehearing.

In *City of Omaha v. Wade*, 1 Neb. App. 1168, 1174, 510 N.W.2d 564, 568 (1993), this court held that administrative agencies may receive additional evidence on reconsideration or rehearing stating:

> The question of whether to reopen an administrative record to allow additional evidence is one addressed to the discretion of the administrative agency; further proceedings in a reopened matter are part of the original action, and the administrative agency may base its decision on the record of the original hearing and on the evidence presented at the rehearing.

Sheehy argues that while *City of Omaha v. Wade, supra*, stands for the proposition that the Tribunal can consider evidence from the original hearing, it does not stand for the proposition that she had the burden of proof in the second hearing to overcome the decision from the first hearing.

Contrary to Sheehy's assertion, the Tribunal expressly acknowledged in its May 2021 determination that Print Express had the burden to prove Sheehy was terminated for misconduct and that Print Express had satisfied that burden. After making the decision to reopen the administrative record, the Tribunal heard evidence from both parties during the second hearing held in July 2021. Following that second hearing, the Tribunal expressly acknowledged that in rendering its final decision, it relied upon evidence from both hearings and decided to reaffirm its decision reached in the first. The Tribunal's acknowledgment that it reviewed evidence from both hearings in rendering its final decision suggests that it followed the dictates of this court's opinion from *City of Omaha v. Wade, supra.* As we read the language of the Tribunal's August 2021 determination, we reject Sheehy's argument that the Tribunal shifted the burden of proof onto her in the second hearing and find that the Tribunal properly placed the burden of proof on Print Express while considering the evidence from both hearings in reaching its final determination. We view the language of the Tribunal's determination as simply indicating that, after viewing the record from both hearings as a whole, it did not change their view of the result reached in the first. This assignment fails.

DUE PROCESS

Sheehy next assigns that the district court erred in finding that her due process rights were not violated by the Tribunal's failure to provide notice to her prior to the second hearing that the burden of proof shifted to her. She argues that neither the notice of hearing nor the Administrative Appeal Judge provided her with any notice that she had the burden to present sufficient evidence in order to overturn the Tribunal's May 2021 decision. Rather she asserts that the order granting

reconsideration indicated that a new docket number would be issued which implied a separate and new hearing on the issue of her misconduct for which Print Express bore the burden of proof.

A party appearing in an adjudication hearing before an agency or tribunal is entitled to due process protections similar to those given to litigants in a judicial proceeding. *Prokop v. Lower Loup NRD*, 302 Neb. 10, 921 N.W.2d 375 (2019). Due process does not guarantee an individual any particular form of state procedure. *Id*. Instead, the requirements of due process are satisfied if a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it. *Id*. Procedural due process in an administrative proceeding requires notice, identification of the accuser, factual basis for the accusation, reasonable time and opportunity to present evidence concerning the accusation, and a hearing before an impartial board. *Whittle v. State*, 309 Neb. 695, 962 N.W.2d 339 (2021). Due process requires notice reasonably calculated to inform the party to the action of the subject and issues involved in the proceeding. *Prokop v. Lower Loup NRD, supra*.

Here, the district court found that Sheehy's due process rights were not violated. We agree. Because, as we found earlier in this opinion, the Tribunal did not shift the burden of proof onto Sheehy in connection with the second hearing, we reject Sheehy's second assignment of error that she was denied due process because of a failure to notify her of a shifting burden. This assignment of error fails.

FINDING OF MISCONDUCT

Sheehy finally assigns that the district court erred in affirming the Tribunal's determination that Sheehy committed misconduct which was sufficient to disqualify her from receiving unemployment benefits. Sheehy generally asserts that her conduct either did not constitute misconduct or was tolerated by the employer without warning so as to waive the claim of her misconduct.

"Misconduct" is not defined in § 48-628.10, but our cases have long defined it to include behavior which evidences (1) wanton and willful disregard of the employer's interests; (2) deliberate violation of rules; (3) disregard of standards of behavior which the employer can rightfully expect from the employee; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interests or of the employee's duties and obligations. *Badawi v. Albin,* 311 Neb. 603, 973 N.W.2d 714 (2022). The Nebraska Supreme Court has never held that an employer meets its burden of proving misconduct simply by showing that an employee was discharged for violating a rule, policy, or order. *Id*. Rather, cases have generally required a showing that the rule, policy, or order at issue was reasonably designed to protect the employer's business relationship. *Id*.

Under the definition of "misconduct" developed in our caselaw, misconduct generally involves intentional actions as indicated by the phrases "wanton and willful disregard of the employer's interests," "deliberate violation of rules," and "disregard of standards of behavior." *Meyers v. Nebraska State Penitentiary*, 280 Neb. 958, 965, 791 N.W.2d 607, 613 (2010). Further, misconduct may also involve negligence on the part of the employee, but only when it "manifests culpability, wrongful intent, evil design, or intentional and substantial disregard of the employer's interests or of the employee's duties and obligations." *Id*.

Here, the evidence before the district court established that Sheehy was late to work on multiple occasions, that she did not give prior notice of her tardiness, that she used her phone during work hours in violation of the company handbook, and that Print Express received at least three customer complaints related to Sheehy's behavior towards those customers. Sheehy did not dispute that she had used her phone during work hours on occasions and that she had been late to work, however Sheehy argued:

> It was just a series of events . . . the law doesn't require perfect employees to be qualified for benefits. It requires . . . sort of reasonable employees . . . to what . . . constitutes misconduct that's sufficient to justify disqualification from unemployment benefits. There can be misconduct. No doubt about that. There were things that she did that were against policy and were things that the employer did not like and — and that doesn't mean that . . . alleviates the payment of benefits or disqualifies her from a payment of benefits. That misconduct has to be of such a type that is . . . more than . . . what happened here. I mean here she was — through evidence, that she was talked to about phone calls. That she was talked to about the being late to work and that she was . . . told the consequences of what would happen if she was late to work and then there is no evidence that . . . ever happened again.

When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Badawi v. Albin*, 311 Neb. 603, 973 N.W.2d 714 (2022). An appellate court, in reviewing a district court judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id*.

The district court, in its order, found that the evidence in the record supported that Sheehy was repeatedly tardy from work, violated the company's cell phone policy, was rude and disrespectful to customers, and that her testimony was not credible. In relation to those findings, the district court found:

> Sheehy's actions viewed in their totality do not stem from poor judgment or an inability to cope with situations, and are not occasional incidents of nondeliberate failure to precisely follow established rules and procedures, but rather, her actions are the kind of deliberate misconduct that disqualifies an employee from receiving unemployment benefits.

Sheehy argues that the district court's factual findings do not support the legal definition of misconduct. In support of that argument, Sheehy cites to *Smith v. Sorenson*, 222 Neb. 599, 603, 386 N.W.2d 5, 8 (1986), for the proposition that "[g]enerally, a single act is not sufficient to fall within the definition of 'misconduct'; nor is a series of acts, for example, if the employer tolerated those actions without warning the employee of possible consequences." But, following our review of the record, we do not see this case as an isolated incident or as falling into the category of a series of actions by Sheehy which were tolerated by Print Express without warning. Instead, we find that the district court's extensive factual findings are supported by competent evidence and that those factual findings comport with the law in that they support a finding of misconduct as

that term has been defined. As a result, we find no error on the record and affirm the decision of the district court.

## CONCLUSION

For the reasons stated herein, we affirm the district court's order.

AFFIRMED.