## A. E. ALEXANDER V. D. T. THACKER.

[FILED OCTOBER 21, 1890.]

1. **Tax Liens:** FORECLOSURE In an action to foreclose a tax lien, the owner of the equity of redemption is a necessary party.

2. **Parties:** NON-JOINDER. Where a demurrer is sustained on the ground of non-joinder of parties defendant, the court should not dismiss the action without giving the plaintiff an opportunity to bring in the absent party.

3. **Pleading:** MISJOINDER OF CAUSES When there is a misjoinder of causes of action, the plaintiff should be required either to elect upon which cause of action he will proceed, or file a separate petition for each cause of action. When such petitions are filed, an action should be docketed for each petition.

4. ——: PETITION: GENERAL DEMURRER TO WHOLE. Where a petition contains more than one count, and a general demurrer is directed against the entire pleading, and is not limited to a particular cause of action, if either count is sufficient the demurrer must be overruled.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*S. P. & E. G. Vanatta,* for plaintiff in error, cited: Code, secs. 30, 41; Maxwell, Pl. & Pr. [3d Ed.], 20, 35.

*Thos. B. Stevenson, contra,* cited: Tiedeman, Real Property, secs. 321, 464; *Lynch v. Pfieffer,* 17 N. E. Rep. [N. Y.], 402; *Bell v. Sherer,* 12 Neb., 409; Nash, Pl. [4th Ed.], 160–1.

NORVAL, J.

This is a suit to foreclose a tax lien, and to quiet title. D. T. Thacker and Towle & Farleigh were made defendants. The plaintiff in the amended petition alleges that on the 4th day of September, 1871, one S. N. Merriam purchased from the treasurer of Cass county, Nebraska, the northeast quarter of the southeast quarter of section 5, township 10, range 14, in said county, for taxes before that time levied and assessed thereon for the year 1870, then due and delinquent; that Merriam paid to the said treasurer at said sale $2.76, and received a certificate of purchase of said land; and that he paid the subsequent taxes on the land, amounting to $52.37.

The petition further avers that on September 5, 1873, Merriam presented said certificate of purchase to the treasurer of Cass county, who then executed and delivered to him a treasurer's tax deed for said land, which was duly recorded, and that afterwards said Merriam sold, assigned, and transferred all his interest in said land, and the taxes so paid, to the plaintiff, who is still the owner thereof.

The plaintiff, for a second cause of action, says that on November 3, 1884, one J. P. Mathis purchased from the treasurer of Cass county, the above described real estate for $4.87, for the taxes of 1883, then unpaid, and received a certificate of purchase; that Mathis has paid the subsequent taxes levied on said real estate, amounting to $11.15; that afterwards, on December 27, 1886, Mathis returned said certificate of purchase to the treasurer of the .county, who executed and delivered to him a tax deed for the land above described; that on the 10th day of January, 1887,

Mathis conveyed all his interest in the land to one W. D. Merriam, and afterwards, on the 25th day of July, 1888, said Merriam and his wife, Ruth, sold and transferred the lands to the plaintiff, who is now the legal owner of said lands.

The petition also alleges "that the defendant Thacker claims to own an undivided interest in said lands by virtue of a deed executed and delivered to him by C. and E. Towle, and is in possession of said land jointly with the plaintiff. But plaintiff avers that the said deed so executed to defendant is fraudulent and void for the reason that the grantors in said deed had no right or title to said lands and could not convey any right or title· to said defendant.

"And plaintiff further avers that the deed so executed by the treasurer of Cass county, Nebraska, to S. N. Merriam failed to convey the title in and to said lands to the said S. N. Merriam, by reason of the treasurer's failure to attach his seal to said deed, and by reason of other deficiencies in the execution of said deed; that said Merriam only obtained a tax lien on said land by virtue of his purchase thereof, and by virtue of the payment of said taxes, which lien he transferred to plaintiff, who now owns the same.

"The plaintiff further alleges that the defendants Towle & Farleigh claim to own some interest in said land, the exact nature and extent of which plaintiff is unable to discover.

"Plaintiff further avers that the deed executed· and delivered to plaintiff by said J. P. Mathis conveyed a complete and indefeasible title to said land to plaintiff, and gave plaintiff the right to possession thereof."

The defendant Thacker demurred to the amended petition, alleging that there is a defect of parties plaintiff and a defect of parties defendant; that several causes of action are improperly joined, and that the petition does not state

facts sufficient to constitute a cause of action. The demurrer was sustained and the action dismissed as to Thacker.

The plaintiff's causes of action are based upon two tax deeds issued by the treasurer of Cass county. The one dated September 5, 1873, which is the foundation of the plaintiff's first cause of action, failed to convey any title on account of the omission of the treasurer to attach to the deed his official seal. The plaintiff's title having failed, he acquired a lien upon the land for the moneys paid out for taxes. The evident purpose of the first cause of action was to foreclose such lien. In a suit to foreclose a lien for taxes, all parties having an interest in the real estate are proper parties, and the person holding the equity of redemption is an indispensable party. The petition alleges that the defendants claim to own some interest in the property. It is not alleged that either of the defendants owns the equity of redemption. There was, therefore, a non-joinder of parties defendant. Such defect, however, was not sufficient grounds for dismissing the suit without giving an opportunity to bring in the holder of the legal title. The plaintiff should have been ordered to bring in the absent party within a time to be named by the court, and in default thereof the suit be dismissed.

The cause of action set up in the second count of the petition is one to quiet title. It is founded upon the tax deed issued December 7, 1886, to one J. P. Mathis, upon the same land covered by the tax deed referred to in the first count of the petition. The pleading does not charge, nor does it set up facts which make it appear that the second tax deed failed to convey the title, but on the other hand, it does allege that Mathis, the grantee in the tax deed, "conveyed a complete and indefeasible title to said land to the plaintiff." The facts charged in the second cause of action are sufficient to resist a general demurrer. It is unnecessary to determine whether the first count states a cause of

action or not, for when a petition contains more than one count, and a general demurrer is directed against the entire pleading, and is not limited to a particular count, if any count states a cause of action, such demurrer must be over-ruled. The plaintiff, however, could not properly join in the same petition a cause of action to foreclose a tax lien with one to quiet title. If it be true that the second tax deed is valid and conveyed the legal title, as alleged, then it is obvious that the lien acquired by the first tax deed be-came merged in the title and there could be no foreclos-ure of the lien. He could not foreclose a tax lien on land of which he owns the entire fee.

There being a misjoinder of causes of action, instead of dismissing the suit, the plaintiff should have been required either to elect upon which cause of action he would go to trial or file a separate petition for each cause of action, and, when filed, an action should be docketed for each petition. (Code, sec. 97.) The judgment of the district court is re-versed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.