[Civil No. 3760.   Filed February 1, 1937.]

[64 Pac. (2d) 1031.]

SOUTHWEST MINES DEVELOPMENT COM-
.PANY, a Corporation, Appellant, v. JOE MAR-
TIGNENE, Appellee.

Mr. J. E. Russell and Mr. Leo T. Stack, for Appellant.

Messrs. O'Sullivan & Morgan and Mr. E. C. Locklear, for Appellee.

PER CURIAM.—The plaintiff, Joe Martignene, recovered judgment against the defendant, Southwest Mines Development Company, for wages as a miner and for money loaned, and defendant has appealed.

The only papers certified to this court, as appears from the abstract of record, are the complaint, answer, judgment, motion for new trial, notice of appeal, and *supersedeas* bond on appeal. The case was tried to the court with a jury, but there is not in the record "either a statement of facts, a bill of exceptions, or a transcript of the court reporter's notes" as provided by law. Section 3863, Rev. Code 1928. So we have no idea what the evidence was at the trial or what the instructions to the jury were.

The only questions raised and properly before the court involve the sufficiency of the complaint and the matter of interest. It is alleged in the complaint that plaintiff worked and labored for defendant under a contract wherein it was agreed that he would accept, and defendant would pay him for such services, $100 in cash, $100 in the defendant's stock (at 25 cents per share) per month and board and lodging; that during 1933 the parties agreed the plaintiff should be paid from the beginning $200 cash per month and

board and lodging, instead of $100 cash and $100 in stock and board and lodging; that plaintiff worked and labored for defendant under such contract, and under such contract as modified, from July 1, 1930, to April 1, 1934, the defendant furnishing him a room and giving him money from time to time for his board; that plaintiff's wages for such period of forty-five months were $9,000, no part of which had been paid.

In a separate paragraph plaintiff alleged that he had loaned defendant $530, in the sums and at the times following, to be repaid on demand:

On or about August 1, 1930...............$ 70.00
On or about July 1, 1931.................. 250.00
On or about July 31, 1931................. 100.00
On or about January 1, 1933.............. 110.00

The prayer is for $9,530 principal and accrued interest at 6 per cent. to October 1, 1934, or $1,350.45.

Defendant's answer was (1) a demurrer raising the three-year statute of limitations as to "a large portion" of plaintiff's claim and challenging the sufficiency of the complaint "in that there is a commingling of two separate and distinct contracts"; (2) a general denial; and (3) a plea of payment.

As before stated, the case was tried to a jury and the jury found in favor of plaintiff in the sum of $4,530 principal. The judgment was for this sum and $400.11 interest. Plaintiff's counsel say in their brief it was stipulated that the court should calculate the interest and this statement is not questioned by defendant. Only one entry of the court's minutes is included in the abstract and it does not concern a stipulation, but concerns the motion for new trial and an order that plaintiff's cost bond be refunded to him. The defendant's motion for a new trial does not mention as a ground therefor the method or way in which the interest was calculated, although defendant's coun-

sel had been served with copy of the judgment containing the item of interest.

The reasons assigned for asking a reversal of the judgment are: (1) The overruling of the demurrer, since "a part of the plaintiff's demand, as appears from the face of the complaint, was barred by the statute of limitations"; (2) the overruling of defendant's motion for new trial, it appearing "that a portion of the issues . . . embraced items which were barred by the statute of limitations," and it cannot be known from the verdict whether such items were rejected by the jury; (3) raises the same question as (2); and (4) the inclusion of interest in judgment, there being no ascertainable basis in the verdict for a computation of interest and the verdict being silent as to interest.

The action was filed October 4, 1934, and, if it be granted that the statute of limitations commenced to run against each month's wages at the end of the month, only the first nine months of plaintiff's wages would be barred by the three-year statute relied upon by defendant. Section 2060, Id. This would leave $7,200 balance owing on account of wages, considerably more than the judgment. It may be defendant's evidence showed that it had paid plaintiff his wages for a large part of the time, or it may be that the court instructed the jury that plaintiff's wages for the first nine months of his employment were barred. We have no way of knowing what the evidence showed or what the instructions were. The same is true concerning the items of loans to defendant. These may all have been repaid, or the evidence might show that no loans were made. At all events, the verdict was for a very much smaller sum than plaintiff claimed in his complaint. The claiming of items that may have been barred was no ground for demurrer to the complaint as a whole.

We will presume in aid of the verdict and judgment that the evidence admitted was competent and sufficient to sustain them. Of course, it was no error to calculate and add the accrued interest to the judgment if it was stipulated that the court should do so. But, whether there was such a stipulation or not, the defendant is in no position to complain. Defendant was served with a copy of the judgment before it was signed by the judge and did not object to the item of interest. It also made a motion for new trial and did not give as a ground therefor the inclusion of accrued interest. *Southwest Hay & Grain Co.* v. *Young,* 21 Ariz. 405, 189 Pac. 244. It is settled law in this jurisdiction that a creditor is entitled to interest on money withheld after due as damages for the loss of its use and it is probable that the evidence was such as to leave only the computation of the interest, in which case it would become the duty of the court to add it to the judgment. *Atlantic Commission Co.* v. *Noe,* 47 Ariz. 123, 53 Pac. (2d) 108; *Palmcroft Dev. Co.* v. *City of Phoenix,* 46 Ariz. 200, 51 Pac. (2d) 921, 103 A. L. R. 811.

We find the court committed no error in overruling defendant's demurrer or in calculating and including the accrued interest found due plaintiff. For these reasons, the judgment is affirmed.