JOHN TIWALD, APPELLANT, V. JOHN L. DEWEY, M.D., APPELLEE.

378 N.W.2d 671

Filed December 27, 1985.   No. 84-794.

Michael G. Goodman of Matthews & Cannon, P.C., for appellant.

John R. Douglas of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.
This is an appeal in a medical malpractice action brought by

the plaintiff, John Tiwald, against Dr. John L. Dewey, the defendant. The district court sustained the defendant's motion for summary judgment and dismissed the petition. The court specifically found that the cause of action was barred by the 10-year statute of repose, Neb. Rev. Stat. § 25-222 (Reissue 1979), which provides as follows:

Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

The plaintiff contends that the district court erred in sustaining the defendant's motion for summary judgment because the action was filed within 10 years of the last date of treatment.

The relevant facts are not in dispute. The plaintiff first consulted Dr. Dewey, a specialist in the treatment of allergies, in 1966 for the treatment of his asthma and allergies. The defendant prescribed a course of various treatments for the purpose of alleviating plaintiff's allergies. The course of treatment included roentgen therapy which consisted of exposing the chest, neck, and head of the patient to x rays. The plaintiff underwent such therapy on 15 occasions from June 9, 1966, to July 21, 1969. The plaintiff's last visit to the defendant was on February 13, 1974.

The plaintiff was subsequently diagnosed as having basal cell

skin cancer and had surgical removal of cancerous tissue on three occasions. In June of 1982 the plaintiff's thyroid gland was found to be malignant and was removed.

This action was filed in May of 1983. A second amended petition was filed on August 10, 1983. It alleged there was a causal connection between the x-ray therapy administered by the defendant and the resulting cancers of the skin and thyroid gland. The plaintiff also alleged the defendant was negligent in failing to warn him of the risk involved in the therapy.

Specifically, the second amended petition alleged that the plaintiff's injuries and damages were directly and proximately caused by the negligence of the defendant in the following particulars:

1. The defendant knew or should have known of the ineffectiveness of X-ray exposures for the treatment of asthma;

2. The defendant knew or should have known that said experimental X-ray procedure was never adopted by the medical profession for the treatment of asthma;

3. The defendant knew or should have known that said experimental X-ray procedure inevitably would cause cancer, after the carcinogenic risk of X-rays was widely accepted and publicized by the medical profession;

4. The defendant failed to obtain the informed consent of the plaintiff prior to the commencement of said X-ray exposures;

5. The defendant knew or should have known of the carcinogenic risk of the X-ray therapy and yet failed to warn the plaintiff at any time while plaintiff was under the defendant's care;

6. The defendant knew or should have known of the carcinogenic risk of the X-ray therapy and yet failed to warn the plaintiff at any time subsequent to February 12, 1974.

A motion for summary judgment will be sustained whenever there is no genuine issue of material fact, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law. *R.A.S., Inc. v.*

*Crowley*, 217 Neb. 811, 351 N.W.2d 414 (1984).

The time when a statute of limitations commences to run must be determined by the facts of each case. *Interholzinger v. Estate of Dent*, 214 Neb. 264, 333 N.W.2d 895 (1983). Since the facts in the present case are undisputed, the issue as to when the professional negligence statute of limitations began to run is a question of law.

Section 25-222 provides that a cause of action accrues and the statute of limitations begins to run at the time of the act or omission which is alleged to be the professional negligence that is the basis for the cause of action. In this regard Nebraska follows the occurrence rule. See, *Suzuki v. Holthaus, ante* p. 72, 375 N.W.2d 126 (1985); *Rosnick v. Marks*, 218 Neb. 499, 357 N.W.2d 186 (1984).

It is clear from a reading of the plaintiff's second amended petition that the act or omission which is the basis of the malpractice claim, and which it is alleged proximately caused his injuries, was the x-ray procedure/therapy administered by the defendant, Dr. Dewey. The plaintiff does not allege that defendant was negligent in any of the drug therapy administered through July 12, 1972, nor in the administration of extract therapy through February 14, 1974, nor in the physical examination conducted February 13, 1974. Since the plaintiff's claim rests entirely on the administration of x-ray therapy by the defendant for treatment of plaintiff's allergies and asthmatic condition, the statute of limitations commenced to run on July 21, 1969, the last date on which x-ray treatment or therapy was administered. Thus, the plaintiff's claim is barred. See, *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982); *Smith v. Dewey*, 214 Neb. 605, 335 N.W.2d 530 (1983).

The plaintiff argues that his claim is not barred because Nebraska adopted a continuing treatment exception to the professional negligence statute of limitations in *Williams v. Elias*, 140 Neb. 656, 1 N.W.2d 121 (1941), *Smith v. Dewey, supra*, and *Lincoln Grain v. Coopers & Lybrand*, 215 Neb. 289, 338 N.W.2d 594 (1983). The plaintiff, however, has misinterpreted this exception to Nebraska's occurrence rule.

*Williams v. Elias, supra*, involved a malpractice suit against a physician who had misdiagnosed the plaintiff patient's injuries

and had continued to treat those injuries under the misdiagnosis. We held that "[i]t was not the error in the diagnosis originally made by defendant but its adherence thereto and course of treatment that brought about the injuries." *Williams, supra* at 662, 1 N.W.2d at 124. We then held that "[t]he treatment and employment should be considered as a whole, and if there occurred therein malpractice, the statute of limitations should begin to run when the treatment ceased." *Williams, supra* at 663, 1 N.W.2d at 124.

In *Williams* there was a continuing course of negligent treatment, as opposed to single or isolated acts of negligence. The malpractice in *Williams* can be characterized as a continuing tort because the physician persisted in continuing and repeating the wrongful treatment because of the incorrect diagnosis. Thus, the statute of limitations did not begin to run until the continuing negligent treatment which was the basis of the plaintiff's claim had ended. See *Tortorello v. Reinfeld*, 6 N.J. 58, 77 A.2d 240 (1950).

In *Smith v. Dewey, supra*, we said, "The 10-year statute of repose provided for in Neb. Rev. Stat. § 25-222 (Reissue 1979) begins to run when the physician's treatment, which the patient claims to have constituted malpractice, ceases, as opposed to simply the termination of the physician-patient relationship." (Syllabus of the court.)

The holdings in *Smith v. Dewey, supra*, and *Lincoln Grain, supra*, are consistent with this interpretation of the *Williams* decision.

The facts alleged in the present case will not support a finding of a continuous negligent course of treatment other than the x-ray treatments administered from June 9, 1966, to July 21, 1969. The x-ray treatments are best characterized as isolated acts of alleged negligence. Where there are isolated acts of negligence, the statute of limitations begins to run at the end of those acts. The running of the statute of limitations is not postponed merely because the physician continues to treat the patient after clearly separable acts of alleged negligence. See 61 Am. Jur. 2d *Physicians, Surgeons, etc.* § 320 (1981).

The judgment of the district court is affirmed.

AFFIRMED.