TOM W. HEBARD, APPELLANT, V. AMERICAN TELEPHONE AND
TELEGRAPH COMPANY, INC., APPELLEE.

421 N.W.2d 10

Filed March 25, 1988.   No. 86-484.

W. Russell Bowie of Ashford, Bowie & Higgins, P.C., for appellant.

James C. Zalewski of Erickson & Sederstrom, P.C., for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and BLUE, D.J.

WHITE, J.

This appeal arises from an order of the district court for Douglas County sustaining the appellee's demurrer and dismissing appellant's amended petition.

Appellant's amended petition alleges that he accepted employment with Northwestern Bell Telephone Company on or about May 15, 1960. On January 1, 1984, American Telephone and Telegraph Company, Inc. (AT&T), was forced to divest

itself of several of its companies, one of which was Northwestern Bell.

At the time of divestiture, appellant, Tom W. Hebard, held the position of telemarketing consultant. Appellant alleges that he was involuntarily transferred to AT&T after divestiture and held his same position for 2 weeks, after which time he was informed that the position no longer existed. He was then reclassified as an account executive. AT&T's policies, however, required that account executives become "certified" in accordance with procedures set forth in appellee's certification guide, a copy of which is attached to Hebard's amended petition. Hebard alleges that he fully complied with the certification process and submitted his required portfolio on or before the due date. After review, Hebard's portfolio was rejected by his superior, Marlin Rogers, and he was demoted to a communication servicing consultant, a position for which he had no training.

Appellant further alleges that following the rejection of his portfolio he was advised by his immediate supervisor not to appeal Rogers' decision (such right to appeal is provided for in the certification guide attached to the amended petition), because an appeal would result in termination prior to his eligible retirement date. Hebard retired under protest on July 24, 1985. A copy of his application for "involuntary retirement" is attached to his amended petition and incorporated by reference.

AT&T takes the position that Hebard's amended petition fails to state a cause of action. In reviewing this case, we are bound by the rule that pleadings are to be liberally construed, and if so construed a petition states a cause of action, a demurrer thereto is to be overruled. *Slusarski v. County of Platte*, 226 Neb. 889, 416 N.W.2d 213 (1987). Moreover, a demurrer which challenges the sufficiency of the allegations is a general one. *Id.* In our review of a ruling on a general demurrer, this court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Id.* See, also, *Ambroz v. Cornhusker Square Ltd.*, 226 Neb. 899, 416 N.W.2d 510 (1987).

In his amended petition Hebard alleges that an "oral contract of employment" existed between himself and AT&T. He states that "part of the oral contract . . . was that [he] would receive an annual salary plus sales incentives in the performance of his duties . . . ." He further alleges that his district sales manager, a superior, "assured" him "that if he complied with the certification procedures, there would be absolutely no reason [he] would not become certified and therefore eligible for incentive compensation."

Appellant alleged in the amended petition that he "fully complied with the certification process [and submitted] his completed portfolio" on or before the due date. His certification was denied, he alleges, due to an unfair performance appraisal, and he was subsequently denied the right to appeal that decision, due to threats of termination.

The gist of appellant's complaint, which is admittedly difficult to decipher, is an action for breach of an employment contract. Giving the amended petition a liberal construction, as we are required to do, we find that it is sufficient to state a cause of action.

This court has several times held that an employee's "at-will" status can be modified by contractual terms that may be created by employee handbooks and oral representations. *Jeffers v. Bishop Clarkson Memorial Hosp.*, 222 Neb. 829, 387 N.W.2d 692 (1986); *Johnston v. Panhandle Co-op Assn.*, 225 Neb. 732, 408 N.W.2d 261 (1987). Oral representations may, standing alone, constitute a promise sufficient to create contractual terms which could modify the at-will status of an employee. See, *Toussaint v Blue Cross*, 408 Mich. 579, 292 N.W.2d 880 (1980); *Ritchie v Mich Con Gas Co*, 163 Mich. App. 358, 413 N.W.2d 796 (1987).

In the case at bar, we express no opinion as to whether the conduct of the appellee, in making certain representations to Hebard, indicates a promise which might constitute terms of an employment contract. Whether such conduct indicates a promise is a question of fact for a trier of fact. 75 Am. Jur. 2d *Trial* § 396 (1974). See, also, *Ritchie, supra* (whether there was an implied contract that employment would not be terminated except for just cause presented a question of fact for the jury, in

light of representations made by employer to employee).

Liberally construed, plaintiff's amended petition is sufficient to state a cause of action. Although it is unartfully drafted, in essence the amended petition alleges an oral contract of employment which established provisions for certification as an account executive, leading to a certain salary plus sales incentives. Hebard alleges that he "fully complied" with the certification process but was unfairly denied certification, which amounted to a breach of promise on the part of AT&T. Due to that breach, Hebard states, he was forced to retire "involuntarily" and suffered damages in the form of lost salary.

The district court's order sustaining defendant's demurrer to the amended petition was in error. We reverse and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.