Elizabeth J. Ames, appellant, v. Clark F. Hehner, M.D., appellee.

435 N.W.2d 869

Filed February 17, 1989.   No. 86-915.

Earl G. Greene III and Edward L. Wintroub, of Wintroub & Rinden, for appellant.

William M. Lamson and Thomas D. Wulff, of Kennedy, Holland, DeLacy & Svoboda, for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Per Curiam.

This is an appeal from the district court for Madison County. Plaintiff-appellant, Elizabeth J. Ames, filed a medical malpractice action against defendant-appellee, Clark F. Hehner, M.D., and Our Lady of Lourdes Hospital on June 11, 1985. Ultimately, the hospital was voluntarily dismissed from the suit by the plaintiff, and the action was continued against Dr. Hehner as the sole defendant. Subsequent to the filing of

plaintiff's fourth amended petition, the defendant filed a demurrer which alleged that the petition failed to state a cause of action and that the petition, on its face, revealed that the action was barred by the applicable statute of limitations. The district court sustained the demurrer on the basis that the action was barred by the statute of limitations. Plaintiff-appellant's sole assignment of error alleges that the district court erred in holding that the action was time-barred.

A petition alleging a cause of action not commenced within the time prescribed by the appropriate statute of limitations is subject to a demurrer. *S.I.D. No. 145 v. Nye*, 216 Neb. 354, 343 N.W.2d 753 (1984). If a petition alleges a cause of action ostensibly barred by the statute of limitations, such petition, in order to state a cause of action, must show some excuse tolling the operation and bar of the statute. *League v. Vanice*, 221 Neb. 34, 374 N.W.2d 849 (1985). If a plaintiff fails to allege additional facts to show the tolling of a statute, it has, in effect, failed to allege facts sufficient to constitute a cause of action. *George P. Rose Sodding & Grading Co. v. Dennis*, 195 Neb. 221, 237 N.W.2d 418 (1976).

A demurrer which challenges the sufficiency of the allegations is a general one. In our review of a ruling on a general demurrer, this court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Hebard v. AT&T*, 228 Neb. 15, 421 N.W.2d 10 (1988).

Given this standard of review, we must accept as true the following facts set forth in the petition. On February 13, 1981, Ames underwent a surgical procedure known as a thoracotomy at Our Lady of Lourdes Hospital. The surgery was performed by the defendant, Dr. Hehner. Following her return to consciousness after surgery, Ames began suffering pain in her right shoulder and arm. The condition grew progressively more painful and disabling, and eventually involved her right hand as well.

Dr. Hehner continued to treat Ames for her "underlying physical condition and the painful and progressively disabling symptomatology of her right shoulder, arm and hand" through

December 1982. He repeatedly assured Ames that her condition was not permanent and that it would improve. During the period of time from February 13, 1981, to December 1982, Dr. Hehner referred Ames to other physicians, "who were unable to properly diagnose [her] condition." Ames alleges that she "sought advice and treatment for her condition from several physicians" and that these physicians were unable to diagnose her condition.

It was not until August of 1984 that Ames' condition was diagnosed as "Klumpke's paralysis," a condition of paralysis resulting from "ischemia and nerve pressure caused by improper arm positioning" during her 1981 surgery. At this time, Ames became aware that her condition was not a temporary postoperative condition, but was, in fact, a permanent disability. Ames filed her petition on June 11, 1985.

The statute of limitations for medical malpractice actions is contained in Neb. Rev. Stat. § 25-222 (Reissue 1985), which states as follows:

> Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided, if the cause of action is not discovered* and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *and provided further*, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

(Emphasis supplied.)

We believe that Ames' petition does state a cause of action that, on the face of the petition, was barred by the 2-year statute

of limitations contained in § 25-222. The "act or omission" (the surgery) alleged to be negligence took place on February 13, 1981. Ames' petition was filed June 11, 1985, well beyond the 2-year time limit.

However, the additional facts alleged in the petition are adequate to show that Ames did not and could not reasonably have discovered her injury and the cause of action within that 2-year time limit.

During reargument to this court, the appellee made the argument that if we found that the 2-year time limit did not run from the moment Ames woke from surgery and felt pain, which we in fact reject, then the statute commenced running on the last day Dr. Hehner treated Ames in December 1982. If that were true, it is alleged, then Ames "discovered" her injury in August of 1984 and had until December 1984 to file suit, which she did not. We agree.

Appellee's argument relies on the "continuing treatment exception" to the professional negligence statute of limitations as set forth in *Williams v. Elias*, 140 Neb. 656, 1 N.W.2d 121 (1941). Recently, in *Tiwald v. Dewey*, 221 Neb. 547, 550-51, 378 N.W.2d 671, 673 (1985), we said:

> *Williams v. Elias, supra*, involved a malpractice suit against a physician who had misdiagnosed the plaintiff patient's injuries and had continued to treat those injuries under the misdiagnosis. We held that "[i]t was not the error in the diagnosis originally made by defendant but its adherence thereto and course of treatment that brought about the injuries." *Williams, supra* at 662, 1 N.W.2d at 124. We then held that "[t]he treatment and employment should be considered as a whole, and if there occurred therein malpractice, the statute of limitations should begin to run when the treatment ceased." *Williams, supra* at 663, 1 N.W.2d at 124.
>
> . . . The malpractice in *Williams* can be characterized as a continuing tort because the physician persisted in continuing and repeating the wrongful treatment because of the incorrect diagnosis. Thus, the statute of limitations did not begin to run until the continuing negligent treatment which was the basis of the plaintiff's claim had

ended.

The exception is applicable in this case, since Ames alleges, among other allegations, that Hehner was negligent

[i]n failing to properly advise Plaintiff during the course of her *continuing treatment* since the surgery of February 13, 1981 and through December, 1982, of the true cause of her injuries and disabilities; the proper diagnosis, and of affirmatively concealing the same; [and in] failing to properly examine, test, diagnose and treat the Plaintiff since the surgery of February 13, 1981 *through* December, 1982 . . . .

(Emphasis supplied.)

Taking facts pled in the petition in a light most favorable to Ames, the petition alleged adequate facts which excused the operation and the bar of the 2-year statute of limitations. However, we hold the statute commenced running on the last day Dr. Hehner treated Ames in December 1982 and that the statute had run by December 1984, barring her suit.

The district court's decision sustaining defendant's demurrer is affirmed.

AFFIRMED.

WHITE, J., dissenting.

We are faced in this appeal with the application of a complicated set of rules, i.e., the statute of limitations and case law relating to medical malpractice.

The continuing treatment rule first pronounced by this court in *Williams v. Elias*, 140 Neb. 656, 1 N.W.2d 121 (1941), had, as its purpose, the rescue of otherwise barred claims when the physician continued to treat the physical condition long after the act or incident of medical malpractice occurred. Overtones of fraud, misrepresentation, and estoppel appear to be the justification offered for the creation of the doctrine.

On the other hand, the discovery rule in Neb. Rev. Stat. § 25-222 (Reissue 1985) recognized that in the area of medical treatment an unexpected condition may occur, but the naming of the cause is not infrequently difficult to immediately specify.

No dispute exists that suit was brought here within 1 year of the discovery of the act of malpractice and that discovery was made more than 2 years after the act of malpractice, thus

seeming to place the action squarely within the limits described in § 25-222.

Inherent in the majority view is the notion that what was thought to be a shield against the bar of the statute has now become a sword cutting off the appellant's recourse to the courts.

Obviously, I believe the continuing treatment rule has no application to this factual situation. Further, I submit that if a suit is clearly brought within the statute under one theory, it ought not be barred if it offends another and different theory of limitation.

SHANAHAN, J., dissenting.

In an ironic 180° maneuver, this court has transformed the discovery doctrine, previously an equitable solution to the harshly literal onus of a statute of limitations, into a more severe burden on one who, through diligence, discovers a previously undiscovered cause of action. Whereas equitable consideration, inherent in the discovery doctrine, formerly assisted and protected the diligent, today the majority of this court molds the discovery doctrine into a hindrance and peril to the diligent.

I agree with one conclusion reached by this court's majority, namely, Ames did not discover, and reasonably could not have discovered, the existence of her cause of action until August of 1984, when a physician first diagnosed the condition which is the subject of Ames' malpractice action. The majority then proceeds to hold that, because Ames discovered her cause of action within 2 years from Hehner's final treatment in December 1982, she had only 4 months, which was the remainder of the 2-year statute of limitations in August of 1984, to file her lawsuit.

The continuing treatment rule, as well as the discovery rule, originated in equity. This court was equitably applying a judicially fashioned discovery rule long before the Legislature prescribed the discovery provision of Neb. Rev. Stat. § 25-222 (Reissue 1985). See, e.g., *Johansen v. Union Stock Yards Co.*, 99 Neb. 328, 156 N.W. 511 (1916); *Dryden v. Omaha Steel Works*, 148 Neb. 1, 26 N.W.2d 293 (1947); *Spath v. Morrow*, 174 Neb. 38, 115 N.W.2d 581 (1962); *Acker v. Sorensen*, 183

158

Neb. 866, 165 N.W.2d 74 (1969). Codification of a judicially fashioned equitable principle does not annihilate the equitable considerations which engendered the judicial principle eventually codified.

The plain language of § 25-222 dictates that Ames' petition stated a cause of action which is not barred by the statute of limitations. Section 25-222 requires a plaintiff to bring a malpractice action within 2 years "after the alleged act or omission . . . *providing the basis for such action . . . .*" (Emphasis supplied.) If a plaintiff is unable to discover a cause of action within the 2-year limitation, the plaintiff is allowed to file a petition within 1 year after discovery of the cause of action. In the light of the provisions of § 25-222, it is clear that the "act or omission . . . providing the basis for" Ames' medical malpractice claim was Hehner's negligent surgery performed on February 13, 1981. Ames' malpractice claim is based on Hehner's negligence in the surgical procedure performed on Ames, not Hehner's failure to properly diagnose Ames' condition. Thus, under the plain language of the statute, Ames was required to file her action within 2 years after February 13, 1981, unless she was unable to discover her cause of action during the 2-year period after the negligence occurred. As correctly noted by the majority, Ames was unable to discover her cause of action until August 1984, more than 2 years after the surgery which is the basis for her malpractice claim. Ames is entitled, therefore, to the additional year provided by § 25-222 and, as a result, had until August of 1985 in which to file her petition. Because Ames' petition was filed in June of 1985, I conclude that her petition was not subject to successful attack by demurrer based on the 2-year statute of limitations contained in § 25-222.

Under the majority's approach, the action for negligence in Hehner's repeated misdiagnosis of Ames' condition is time-barred because the misdiagnosis was discovered, but not made the subject of a lawsuit, within the 2-year limitation of § 25-222. However, Ames alleged other instances of Hehner's negligent conduct as the basis for her claim, namely, mispositioning her during surgery, failing to use an arm board during surgery, and failing to supervise support personnel at the

hospital, all of which were undiscovered negligent omissions notwithstanding Ames' diligence during the 2 years immediately after the specified omissions. As allowed by § 25-222, Ames filed her petition within 1 year after discovery of Hehner's negligence. Thus, Ames' claim based on Hehner's negligent omissions regarding the surgical procedure is clearly not time-barred.

Ames' petition was not subject to successful attack by a general demurrer, which is sustainable only when the petition, that is, the entire petition, fails to state facts sufficient to constitute a cause of action. See Neb. Rev. Stat. § 25-806(6) (Reissue 1985).

> " 'If from the facts stated in the petition it appears that the plaintiff is entitled to any relief, a general demurrer will not lie.' " [Citation omitted.] A single paragraph of a statement of a cause of action is not subject to a demurrer on the ground that it does not state a cause of action if the pleading as a whole states a cause of action.

*Joiner v. Pound*, 149 Neb. 321, 325, 31 N.W.2d 100, 103 (1948) (quoting *Central Nebraska Public Power and Irrigation District v. Walston*, 140 Neb. 190, 299 N.W. 609 (1941)). See, also, *Alexander v. Thacker*, 30 Neb. 614, 618, 46 N.W. 825, 826 (1890) ("[W]hen a petition contains more than one count, and a general demurrer is directed against the entire pleading, and is not limited to a particular count, if any count states a cause of action, such demurrer must be overruled").

If this court's majority were correct regarding its application of the continuing treatment rule, we are faced with a situation where some of the allegations in Ames' petition refer to a time-barred claim for negligence, while other allegations in the same petition set out a timely claim. In such a situation, a general demurrer to the cause of action as a whole is not sustainable, since the plaintiff is entitled to proceed on those allegations which state a cause of action not barred by the statute of limitations. See, *Southwest Mines D. Co. v. Martignene*, 49 Ariz. 88, 64 P.2d 1031 (1937); *Lewis v. Fahn*, 113 Cal. App. 2d 95, 247 P.2d 831 (1952); *State ex rel. Att'y Gen. v. Norcross*, 132 Wis. 534, 112 N.W. 40 (1907); *Atlanta, K. & N. Ry. Co. v. McKinney*, 124 Ga. 929, 53 S.E. 701 (1906).

See, also, 51 Am. Jur. 2d *Limitation of Actions* § 465 (1970).

In keeping with Nebraska law governing a demurrer and in the light of sound decisions of other courts, I conclude that Hehner's demurrer to Ames' petition should have been overruled because Ames' allegations demonstrate that she filed the negligence action within the time limit prescribed in § 25-222.

Assuming that the continuing treatment rule could be applied as suggested by the majority, this court would encounter the situation of two equally applicable but conflicting time limitations. In that situation, we must apply the statutorily supplied "one year from discovery" rule, in which case Ames' petition survives a demurrer, or apply the continuing treatment rule with an abbreviated time of 4 months remaining under the 2-year statute of limitations, which the majority uses to bar Ames' suit. In a conflict of time limits imposed by applicable statutes of limitations, the longer period of limitations governs. *Crum v. Johnson*, 3 Neb. (Unoff.) 826, 92 N.W. 1054 (1902). See, also, *Thiel v. Taurus Drilling Ltd. 1980-II*, 218 Mont. 201, 710 P.2d 33 (1985); *Shew v. Coon Bay Loafers*, 76 Wash. 2d 40, 455 P.2d 359 (1969); *Gillette Dairy, Inc. v. Mallard Mfg. Corp.*, 707 F.2d 351 (8th Cir. 1983). Thus, the continuing treatment rule, even if applicable, cannot operate to bar Ames' suit because utilization of the continuing treatment rule would result in an application of a shorter statute of limitations contrary to Nebraska precedent. See *Crum v. Johnson, supra.*

The majority has with one broad stroke unfortunately painted this court into a jurisprudential corner from which there is no logical escape. In the present case, the majority holds that Ames had 4 months after discovery to file her petition. What about the plaintiff who discovers the cause of action 1 month before the 2-year period expires? One week? The very last day of the 2-year period? Under the rule fashioned by this court's majority, each of the plaintiffs in the illustrative abbreviated periods, who has diligently discovered a malpractice cause of action, will have but a matter of a few weeks, days, hours, or even minutes to commence an action against the tort-feasor at the risk of preclusion by the statute of

limitations. However, if the illustrative plaintiffs do not discover the malpractice cause of action in the waning days of the statutory time limitation, on diligent discovery after the initial 2-year period, each plaintiff has an additional year to file an action for malpractice. Consequently, the rule adopted by the majority penalizes the diligent who discovers a cause of action in the dwindling days of the 2-year period prescribed by § 25-222 because such a plaintiff is allowed but a relatively short time to file a malpractice action. On the other hand, a less inquisitive plaintiff who, nevertheless, discovers the malpractice after the 2-year period has expired, will have a full year from discovery to file a malpractice action. A result so incongruous was not intended by the Legislature and should not be invented by this court.

Under § 25-222, Elizabeth Ames' petition stated a cause of action which, as a whole, was not barred by the statute of limitations. Therefore, the general demurrer filed by Hehner should have been overruled. Accordingly, I would reverse the judgment of the district court and remand this cause for further proceedings.