**William D. ABBOTT, Appellant,**

v.

**John A. GALE, Member of the Board of Directors; Carroll Hill, Member of the Board of Directors; Merle Honerman, Member of the Board of Directors; James Kirkman, Member of the Board of Directors; Rose Klemm, Member of the Board of Directors; Robert McChesney, Secretary/Treasurer of the Board of Directors; Bob Phares, Chairman of the Board of Directors, and individually; Dell Shepherd M.D., Member of the Board of Directors; Earl Hipp, Member of the Board of Directors; Lee Lamberty, Member of the Board of Directors; Gary Conell, M.D., Member of the Board of Directors; Mark Sorensen, M.D., Member of the Board of Directors; Bernie Taylor, M.D., Member of the Board of Directors; Gerald Acheson, Member of the Board of Directors; Cleve Hartman, M.D., Member of the Board of Directors; Lucinda Bradley, as Chief Executive Officer of Great Plains Regional Medical Center, and individually; other unknown employees of the Great Plains Regional Medical Center; Ketchum Inc.; and Hospital Corporation of America, Appellees.**

**No. 89–1482.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1989.

Decided Feb. 16, 1990.

---

Robert Wm. Chapin, Jr., Lincoln, Neb., for appellant.

Stephen W. Kay, North Platte, Neb., for appellees.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and LARSON,[*] Senior District Judge.

PER CURIAM.

Plaintiff William Abbott appeals from the district court's[1] grant of defendants' motion for summary judgment. Abbott began work in September, 1986, as Vice President of Development for Great Plains Regional Medical Center in North Platte, Nebraska. After his termination, Abbott brought suit, alleging in his second amended complaint[2] that his discharge was "without cause," and that defendants were liable for breach of an implied contract to employ him for a minimum of three years (count 1), for "detrimental reliance" (count 2), for fraudulent misrepresentation (count 3), for defamation (count 4), and for tortious interference with contract (count 5) in connection with his discharge.

The district court adopted the report and recommendation of the magistrate that summary judgment be granted against plaintiff with respect to all of his claims, and this appeal followed. Because we

---

[*] The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

2. Defendants had filed a motion for a more definite statement, which the district court granted in part on April 22, 1988. Because plaintiff had yet to file a third amended complaint when defendants filed their motion for summary judgment on September 26, 1988, the motion was directed to the allegations contained in the second amended complaint.

agree with the district court that, viewing the evidence in the light most favorable to the plaintiff, there is no genuine issue of fact concerning plaintiff's "at-will" employment status nor is there any evidence of a defamatory statement made by any of these defendants about plaintiff, we affirm.

### A. Summary Judgment Standards

Defendants may move for summary judgment at any time. Fed.R.Civ.P. 56(b). The Supreme Court has made clear that a party opposing a summary judgment motion may not rest upon "mere allegations or denials" in the pleadings, but must "set forth specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See* Fed.R. Civ.P. 56(e). The evidence both parties rely upon in this case consists of the depositions of plaintiff, Board Chair Bob Phares, and CEO Lucinda Bradley. Plaintiff made no effort to supplement the record by affidavit or otherwise, nor did he seek a continuance to permit additional discovery. *See* Fed.R.Civ.P. 56(f).

### B. Implied Contract Liability

■■ Four of plaintiff's claims, including his claim for breach of implied contract (count 1), are premised on the factual allegation that defendants promised to employ plaintiff for a minimum of three years. The written documents before us,[3] however, unambiguously create an "at-will" employment relationship between plaintiff and defendants. *See Johnston v. Panhandle Cooperative Association*, 225 Neb. 732, 408 N.W.2d 261, 267 (1987). Of course, an employee's "at-will" status can be modified by oral representations under Nebraska law. *See Hebard v. AT & T*, 228 Neb. 15, 421 N.W.2d 10, 11 (1988). While *Hebard* states a trier of fact should determine whether the employer's conduct indicates a promise which constitutes terms of an employment contract, *id.* (citing 75 Am.Jur.2d *Trial* § 396 (1974); *Ritchie v. Michigan*

*Consolidated Gas Co.*, 163 Mich.App. 358, 413 N.W.2d 796 (1987)), a jury question is created only when more than one inference can reasonably be drawn from the evidence presented. *See* 75 Am.Jur.2d *Trial* § 396 at 441 & § 409 at 448–49 (1974); *Ritchie*, 413 N.W.2d at 801; *Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 855–56 (Minn.1986).

■ The issue in this case is whether the evidence cited by plaintiff creates the inference plaintiff argues it does, namely that the Board's conduct during plaintiff's interview in July, 1986, created an implied contract of three years during which he could only be discharged "for cause." We have reviewed the deposition of plaintiff, who testified concerning what Board members told him, and the deposition of Board Chair Bob Phares, who described generally the conversations the Board had with prospective Vice Presidents, and we agree with the district court that none of the statements testified to create a genuine issue of material fact concerning whether plaintiff was promised a three year term as part of his contract. Nebraska courts have specifically held that an employee's "subjective understanding of job security" is insufficient to create an implied employment contract, *Johnston*, 408 N.W.2d at 267 (citing *Hunt*, 384 N.W.2d at 857), and we find nothing more than that in this record. Summary judgment was properly granted in favor of defendants on plaintiff's breach of contract claim (count 1).

### C. Other Claims

■ As the magistrate found, plaintiff's claims for misrepresentation (count 3) and tortious interference with contract (count 5) fall with his implied contract claim. The magistrate dismissed plaintiff's "detrimental reliance" claim (count 2), which plaintiff now characterizes as promissory estoppel, on the ground that plaintiff had "abandoned" this claim under the court's local rules because he had not addressed the claim in his brief. *See* Local

---

**3.** These documents consist of a letter from Board of Directors Chair Bob Phares and an    employee handbook.

Rule 20. We note in addition that the evidence fails to create a reasonable inference of a promise of employment for three years, *see* Restatement (Second) of Contracts § 90(1), and agree that dismissal of this count was also proper.

■ Finally, the magistrate concluded summary judgment should be granted as to plaintiff's defamation claim, because defendant Lucinda Bradley denied making the statements alleged in plaintiff's complaint, and plaintiff had submitted no evidence that might establish that Bradley actually made the statements. We agree with the magistrate that plaintiff's failure to respond with evidence in support of his claim justifies the court's grant of summary judgment on this ground as well.

### D. Conclusion

Because the record before us, viewed in the light most favorable to the plaintiff, fails to create a reasonable inference either that defendants promised plaintiff employment for a term of three years or that defendant Bradley made any defamatory statements about plaintiff, the judgment of the district court is affirmed.