HAWKINS CONSTRUCTION COMPANY, APPELLEE, V. DIRECTOR OF
THE CITY OF OMAHA HUMAN RELATIONS DEPARTMENT ET AL.,
APPELLANTS.
480 N.W.2d 183

Filed February 21, 1992. No. S-89-670.

Herbert M. Fitle, Omaha City Attorney, and Jo A. Cavel for appellants.

Dean G. Kratz, of McGrath, North, Mullin & Kratz, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

This appeal involves an employment race discrimination award in favor of Fred Cooper, a black truckdriver, who was not recalled to work by Hawkins Construction Company of Omaha following a seasonal layoff.

The case was originally instituted before the Omaha Civil Rights Hearing Board (Hearing Board), pursuant to ordinances

contained in chapter 13 of the Omaha Municipal Code. The Hearing Board determined the rights of the parties by applying applicable ordinances from the Omaha Municipal Code to the evidence adduced by the parties before the board's hearing officer.

Dissatisfied with the Hearing Board's ruling, Hawkins filed a petition in error in which it asked the district court for Douglas County to overturn the board's order. Following a hearing, the district judge reversed the decision of the Hearing Board. The district court's order in favor of Hawkins was timely appealed to this court. We reverse the district court's ruling and order that court to affirm the order entered by the Hearing Board.

The applicable ordinances of the City of Omaha under which the rights of the parties to this action were determined were not introduced in evidence before the Hearing Board. Therefore, they were not before the district court for Douglas County, nor are they before this court. Courts of general jurisdiction will not take judicial notice of municipal ordinances not present in the record, nor will appellate courts on appeal. See *Brunken v. City of Omaha*, 225 Neb. 410, 405 N.W.2d 595 (1987).

Without the benefit of the applicable municipal ordinances involved, neither a district court nor an appellate court is in a position to declare the rights of the parties under the ordinances, any more than a court could declare the rights of parties to a contract without the benefit of the contract. See *Vrana Paving Co. v. City of Omaha*, 220 Neb. 269, 369 N.W.2d 613 (1985).

The ruling of the district court for Douglas County is reversed, and that court is directed to set aside its ruling in favor of Hawkins and affirm the order of the Omaha Civil Rights Hearing Board.

REVERSED AND REMANDED WITH DIRECTIONS.